HUBLER *et al. v.* TAYLOR.

DUE DILIGENCE—PREMIUM NOTES.—The maker of a note was a Mutual Fire Insurance Company, and the Company, at the maturity of the note, had no property except solvent premium notes to an amount equal to her liabilities, given by persons in *Indiana,* who had executed the same to the Company, upon being insured in the same, according to the terms of the charter, and who were required thereby to pay thereon not exceeding 10 per cent. at the date of the notes, for the purpose of discharging the incidental expenses of the institution, and to pay the balance, in whole or in part, when the directors shall deem the same requisite for the payment of losses or other expenses, and at the expiration of the term of insurance, the notes, or such parts of them as shall remain unpaid, shall be relinquished to the makers thereof. Payment of the note herein sued on was demanded of the Company before suit thereon against the endorser.

*Held,* That the premium notes aforesaid are not promissory notes of the kind contemplated by the statute authorizing the levy upon choses in action when surrendered.

*Held,* Also, that, under the circumstances, due diligence did not require the plaintiff to sue the Insurance Company and exhaust his remedy against them, before suing the endorser on the note herein.

Hubler et al. *v.* Taylor.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—Suit by appellants on a note assigned to them by the appellee, made by the Mutual Fire Insurance Company to him.

Answer, general denial, with an agreement that all matters which could be specially pleaded might be given in evidence under said denial.

On the trial the cause was submitted on the statement of facts following:

"*John Taylor* is the payee of the note sued on, and assigned the same before maturity to the plaintiffs by endorsing his name thereon; that the only property the Mutual Fire Insurance Company, the maker of said note, held at the maturity of said note, and which she still holds, consisted of premium notes, to an amount equal to her liabilities, on solvent persons in the State of *Indiana,* who had executed the same to said Company upon being insured in the same, according to the terms of the charter thereof, original and amended; and that prior to the maturity of said note, she held no other property except such premium notes, and the moneys received by her in the regular course of her business, under her said charter; that on, &c., certain payments were made and endorsed, and that payment of the balance of said note was demanded on, &c., by the plaintiff and refused by the Company." ·

It is not averred that diligence had been used against the maker of said note, but, as an excuse, insolvency is charged. Section 8 of the charter of said Company, is as follows:

"Every person who shall become a member of said company by effecting insurance therein, shall, before he receives his policy, deposit his promissory note for such sum or sums of money as shall be determined by the directors, a part, not exceeding 10 per cent., of which note shall be immediately paid, for the purpose of discharging the incidental expenses

of the institution, and the remainder of said deposit note shall be payable in part, or the whole, at any time when the directors shall deem the same requisite for the payment of losses, or other expenses, and at the expiration of the term of insurance, the said note, or such part of the same as shall remain unpaid, after deducting all losses and expenses occurring during said term, shall be relinquished and given up to the signer thereof."

The next section gives a lien on the property assured for the payment of said sums, &c.

The question presented for our consideration is, whether a sufficient excuse is shown by the evidence, or argument, for the non-prosecution of a suit against the maker of said note.

Without doubt, extraordinary proceedings might have been adopted by which the assets of the Company could have been eventually reached, and subjected to the payment of the said indebtedness. Perhaps one mode might have been by mandate, compelling the directors to make an assessment to meet the loss for which the note, on its face, shows it was executed. Perhaps, under the statute regulating proceedings subsequent to execution, a showing might have been presented entitling the plaintiff to relief.

The question then is, were the plaintiffs compelled to resort to these extraordinary proceedings? This question could, perhaps, as well have arisen upon a demurrer to the complaint, for in that it was averred that the Company was insolvent, &c., "having no property subject to execution." If this was a sufficient averment of insolvency, that is, a want of property subject to execution, then it would appear to follow that all the assignee, in such case as this, need show, is that the maker had no property, at the maturity of the note, which was subject to be levied upon by the ordinary writ of execution, issuing upon any judgment which might have been obtained.

This we understand to be the rule of decision, upon this point, in our State. *Herald* v. *Scott*, 2 Ind. 55; *Hardesty* v. *Kinsworthy*, 8 Blackf. 304; *Black* v. *Wilson*, 7 *id.* 532; *Foresman* v. *Marsh*, 6 *id.* 285.

Whether a sufficient showing of insolvency would be made out, when, in the absence of other property, it was brought to the knowledge of the Court that a debtor had ordinary promissory notes which he might give up on execution, we need not decide, for in this instance, the notes were not such as could have been made available, unless upon the taking place of certain precedent events, &c. In a word they were not promissory notes of the kind or character contemplated, in our opinion, by the statute authorizing the levy upon choses in action, when surrendered.

As there was judgment for the defendant below, it will not be disturbed.

*Per Curiam.*—The judgment is affirmed, with costs.

*Henry Blodget* and *Daniel P. Vinton*, for the appellant.

*John A. Stein*, for the appellee.