### SAYRE ET AL. *v.* McEWEN.

PROMISSORY NOTE.—*Assignee.—Vendor's Lien.—Non-Resident.*—The assignee of a promissory note given to the assignor for purchase-money of real estate, and for the payment of which a vendor's lien exists, which is transferred to the assignee by the transfer of the note, and of which lien the assignee has full knowledge, is not bound to resort to the enforcement of the vendor's lien, before he can maintain suit against the assignor, the maker being a non-resident.

SAME.—*Attachment.—Non-Resident.*—An assignee of a promissory note, it was *held*, was not bound, before bringing suit against an indorser, to proceed by attachment against the property of the maker of the note, who was a non-resident at the time of the making and at the time of maturity of the note, although such assignee knew that the maker had property in this State subject to attachment.

APPEAL from the Bartholomew Common Pleas.

PETTIT, C. J.—The appellee brought this suit against the appellants, and the complaint was in three paragraphs, as follows:

"First. William McEwen complains of Thomas C. Sayre,

Thomas Gent, and Benjamin F. Jones, and says that on the ——— day of ———, 18—, the plaintiff and the defendant Benjamin F. Jones were carrying on a banking business at the city of Columbus, Indiana, by the name of McEwen & Jones, when said defendants Sayre and Gent produced to them a certain note, executed by J. H. Colston & Co. to Thomas C. Sayre, for the sum of five hundred dollars, dated March 8th, 1866, and payable twelve months after date, with interest from date, and then and there said Sayre and Gent sold said note to said McEwen & Jones for value, and endorsed said note on the back thereof; a copy of note and endorsement are made part hereof; that at the time of said purchase, the said makers of said note resided at Louisville, in the State of Kentucky, and on the 18th day of October, 1867, said McEwen & Jones instituted an action in the Jefferson Court of Common Pleas, in said State of Kentucky, on said note, and on the 18th day of November, 1867, recovered judgment thereon against said makers, and on the 26th day of November, 1867, execution was issued therefor on said judgment, and placed in the hands of the sheriff of said county, who returned thereon "no property found;" a copy of said judgment, execution, and return of sheriff is made a part hereof; but said makers of said note were totally insolvent at the time said note became due, and have been continuously since wholly and notoriously insolvent; said indebtedness is yet due and wholly unpaid, and said Jones is made a party hereunto to answer to his interest thereon.

"Second. The plaintiff further says that on the ——— day of ———, 186–, the defendants Sayre and Gent produced a note to plaintiff and one Benjamin F. Jones, who were then doing a banking business at Columbus, Indiana, signed and executed by J. H. Colston & Co., dated March 8th, 1866, for five hundred dollars, and payable to Thomas C. Sayre twelve months after date, and then and there sold said note to them, and indorsed said note to them; a copy of note and indorsements are filed herewith; that at the time said note was sold to plaintiff, said Walker, one of

the makers of said note, was a resident of the State of Indiana, and carried on business at said county, and thereafter became a resident of the State of Kentucky, and when it became due, both of said makers were non-residents of said State of Indiana, and were residing in Kentucky; the said note is due and unpaid, and said indorsers have failed to pay the same, although requested; that plaintiff is now the owner of said indebtedness; and said Jones is made a party to answer to his interest therein.

"Third. Plaintiff further says, that on the — day of ——, 18—, the plaintiff and the defendant Benjamin F. Jones were carrying on a banking business at the city of Columbus, Indiana, by the name of McEwen & Jones, when said defendants Sayre and Gent produced to them a certain note, executed by J. H. Colston & Co. to Thomas C. Sayre, for the sum of five hundred dollars, dated March 8th, 1866, payable eighteen months after date, with interest from date, and then and there said Sayre and Gent sold said note to said McEwen & Jones for value, and indorsed said note on the back thereof; copy of note and indorsement made part hereof; that at the time of said purchase, the said makers of said note resided at the city of Louisville, in the State of Kentucky, and on the 18th day of October, 1866, said McEwen & Jones instituted an action in the Jefferson Court of Common Pleas, in said State of Kentucky, on said note, and on the 16th day of November, 1867, recovered judgment thereon against said makers, and on the 26th day of November, 1867, execution was issued therefor on said judgment, and placed in the hands of the sheriff of said Jefferson county, who re-returned thereon 'no property found;' a copy of said judgment, execution, and return of sheriff is made part hereof; said indebtedness is yet due and unpaid, and plaintiff avers that he is now the owner of said indebtedness; and Benjamin F. Jones is made a party to answer to his interest therein. Wherefore plaintiff demands judgment for fifteen hundred dollars."

The answer was in five paragraphs, as follows:

"First. They deny each and every material allegation of said complaint.

"Second. For second and further answer herein, as to said first note, said defendants say that said note was given for part of the purchase-money of a certain steam flouring mill, and the real estate upon which the same was situated, in the town of Waynesville, Bartholomew county, Indiana, of the value of, to wit, six thousand dollars, and which, on the day of the date of said note, the defendant Sayre had sold and conveyed to said J. H. Colston & Co., and said Sayre expressly reserved in the deed of conveyance of said mill to said J. H. Colston & Co., his vendor's lien upon the same, to secure the payment of the said note sued on, and said lien, at the date of the assignment of said note to McEwen & Jones, was in full force and effect, and unsatisfied, and still is in full force and unsatisfied; all of said facts were communicated to McEwen & Jones at the time of assignment, and said McEwen & Jones had full knowledge at the date of the assignment and maturity of said note of said lien to secure the payment thereof, and also knew at the time of assignment that the makers both resided in the State of Kentucky, and were so informed at the time of assignment, but negligently failed and refused to take any steps to enforce the same; and said mill, long after the maturity of said first note, to wit, on the — day of September, 1868, was accidentally destroyed by fire, whereby the security of said mill and of said vendor's lien was entirely lost to defendants, the real estate upon which the same was situate being insufficient to pay said note.

"Third. For third and further answer herein, as to said first note, defendants say, that at the date of the maturity of said note, and long after, Samuel C. Walker, one of the members of the firm of J. H. Colston & Co., the makers of said note, was the owner in fee simple, in his own name, of the undivided half of a certain steam flour mill, and the real estate on which the same was situate, in the town of Waynesville, Bartholomew county, Indiana, of the value of six

thousand dollars, and more than sufficient to pay both of said notes, which said McEwen & Jones well knew, and were so informed at the time of the assignment by defendants to plaintiff, and that said plaintiff and said Jones wholly failed and neglected to take any steps to subject the same to the payment of said note; and thereafter, after the maturity of said first note, said mill was destroyed by fire, but the land yet remained the property of said Walker, and is sufficient to pay a large part of the said notes, to wit, three hundred dollars, and he owned no personal property in said State of Indiana.

"Fourth. For further and fourth paragraph of answer herein, as to said second note, defendants say the same was given for part of the purchase-money of a certain steam flour mill, and the real estate upon which the same is situate, in the town of Waynesville, Bartholomew county Ind., of the value of six thousand dollars, lately before the date of said note sold and conveyed by defendant Sayre to said J. H. Colston & Co.; and said Sayre expressly reserved in the deed of conveyance for said mill, which was duly recorded, his vendor's lien to secure the payment of said note; all of which McEwen & Jones well knew at the date of assignment, and at the maturity of said note; which said lien at the date of said assignment, and at the maturity of said note, was, and still is, wholly unsatisfied and in full force. Defendants say that shortly before the maturity of said note, said mill was destroyed by fire, but that the boilers, engines, and other machinery thereof, were, at the maturity of said note, remaining upon the ground where said mill had formerly stood, and together with said real estate were sufficient in value to pay the whole or a large part of said note, if steps had been taken to enforce said lien. But defendants say that said McEwen & Jones wholly failed, neglected, and refused to take any steps whatever, to enforce said lien upon said property, whereby the same became lost to defendants.

"Fifth. For further and fifth paragraph of answer to said second note, defendants say Samuel C. Walker, one of the makers thereof, at the maturity thereof, was and still is the owner in fee simple in his own right of the undivided one-half of a certain mill site in the town of Waynesville, Bartholomew county, Indiana, and of a certain boiler, engine, and mill machinery situate thereon, of sufficient value to pay the said note or a large part thereof, which said McEwen & Jones well knew, but said McEwen & Jones wholly failed, neglected, and refused to take any steps to subject the same to the payment of said note, and the same is still subject to execution in the county of Bartholomew, State of Indiana; wherefore plaintiff ought to take nothing by his said suit, and defendants demand judgment and other proper relief."

The second, third, fourth, and fifth paragraphs of the answer were demurred to for want of sufficient facts, and the demurrer to each paragraph was sustained, and exception taken; and this ruling is assigned for error.

During the progress of the case, many points were raised, ruled upon, and exceptions taken, and many errors are assigned, but they are all expressly waived by the brief of the appellants, except, first, the sufficiency of the evidence to justify the finding and judgment of the court; second, the sustaining of the demurrers to the second, third, fourth, and fifth paragraphs of the answer. As to the first point, we have read and examined the evidence, which is all in the record, and it not only fully warrants, but requires, the finding and judgment of the court on the issue formed, which was by the general denial only.

As to the second, third, fourth, and fifth paragraphs of the answer, to which demurrers, for want of sufficient facts, were sustained, exceptions taken, and these rulings assigned for error, we have to say, they present two questions; first, is the assignee of a note given to the assignor for real estate, and for the payment of which a vendor's lien exists, which carries to the assignee, by assignment, the vendor's lien, and of

which the assignee had full notice, bound to resort to the vendor's lien before he can maintain suit against the assignor, the maker being a non-resident of the State at the making and maturity of the note?

Second. Is the assignee bound to proceed by attachment, when the maker was a non-resident of the State at the making and maturity of the note, against his property, when the assignee knows that the maker has property subject to attachment in this State, before he can maintain a suit against the endorser?

Following the line of the decisions of this court, and the provisions of our statute law in regard to the rights and duties of assignees, and the liabilities of assignors of promissory notes, and judgments against non-resident defendants, we must and do answer both the questions in the negative. See 2 G. & H. 658, sec. 4; same, p. 253, sec. 487; same, p. 66, sec. 43.

In holding, as we do, that it would be unreasonable to require the assignee to resort to the vendor's lien, or to an attachment, and thereby require him to give bond, on which he may be liable for many years, and to subject him to the delay, vexation, hazard, and responsibility which would or might attach to him in either case, we think we are sustained by the following cases in this court: *Cheek* v. *Morton,* 2 Ind. 321; *Hubler* v. *Taylor,* 20 Ind. 446; *Bernitz* v. *Stratford,* 22 Ind. 320; *Sims* v. *Parks,* 32 Ind. 363. As to the Kentucky authorities, the Supreme Court of the United States, in *Bank of the United States* v. *Tyler,* 4 Pet. 366, says: "The statute authorizing the assignment of notes is silent as to the duties of the assignee, or the nature of the contract created by the assignment. It only declares such assignment valid, and the assignee capable of suing in his own name: but the courts of that State have clearly defined the rights, duties, and obligations resulting from the assignment."

The Kentucky statute and ours are unlike, as will be seen by a reference to ours above cited.

And again, in the same case, that court says: "It is be-

lieved that the principles which exact such an unusual degree of vigilance from the assignee, are peculiar to the jurisprudence of Kentucky; but they have been established by a long series of cases adjudged in their highest courts for many years; they have long formed the law of that state as to notes and bonds assigned under their statute; and the legislature has not thought proper to change it. The courts in Virginia have given a very different construction to their statute on the same subject; and there are no decisions in any state which have extended the rule of diligence so far. But this court has always felt itself bound to respect local laws, however peculiar, in all cases where they do not come in collision with laws of higher authority and more imposing obligation. Such a case is not presented in the record now under our consideration. These are the duties imposed by the law of Kentucky on the assignees of promissory notes, before they can commence a suit against the assignor on his promise. These rules are the law of this case; and although in our opinion they carry the doctrines of diligence to an extent unknown to the principles of the common law, or the law of other states, where bonds, notes, and bills are assignable, we must adopt them as the guide to our judgment."

The court below committed no error in sustaining the demurrers to the second, third, fourth, and fifth paragraphs of the answer.

The judgment is affirmed, at the costs of the appellants.

*J. N. Kerr* and *F. Winter*, for appellants.

*F. T. Hord*, for appellee.