## PENNINGTON v. HAMILTON.

PROMISSORY NOTE.—*Diligence.*—The assignee of a promissory note not payable in bank must sue on the note as soon as it becomes due, if he would hold the indorser.

SAME.—*Insolvency of Maker.*—If the maker of such note is insolvent at the maturity of the note and at the time suit might be first instituted thereon, the indorser is not released by a failure to sue the maker.

SAME.—*Maker and Indorser.*—The assignee of such note is only bound to use diligence against the maker, to enable him to recover against his immediate or more remote indorser. He is not bound to exhaust the property of a remote indorser before he can have his action against his immediate indorser.

PLEADING.—*Answer.*—*Reply.*—To an answer alleging an assignment of a part of a cause of action to a third person, a reply showing a reassignment to the plaintiff before the commencement of the suit is good.

From the Boone Circuit Court.

*Boone & Harrison,* for appellant.

*S. L. Hamilton* and *McDonald & Butler,* for appellee.

DOWNEY, J.—Action and judgment by the appellee against the appellant.

The following errors are assigned:

1. Overruling the demurrer of the defendant to the complaint.

2. Sustaining the demurrer of the plaintiff to the second and third paragraphs of the answer.

3. Overruling the demurrer of the defendant to the second paragraph of the reply.

4. This assignment is in relation to the admission of certain evidence on the trial, and, of itself, presents no question.

5. Overruling the defendant's motion for a new trial.

The complaint alleges, in substance, that on the 12th of October, 1867, Alexander P. Mann made his note to John W. Stoops, at one year, not payable in bank, for seventeen hundred and twelve dollars, with interest. At the same time Mann executed a mortgage on certain real estate situated in Tippecanoe county, Indiana, to secure the payment of that and

another note for one thousand dollars, maturing at a prior date. On the 8th day of November, 1867, Stoops, the payee of said first named note, assigned the same, by indorsement, to Pennington, and Pennington, on the 7th day of December, 1867, assigned the same in like manner to the plaintiff. On the 2d day of December, 1868, the plaintiff commenced his action in the Tippecanoe Common Pleas against Mann, upon the said promissory note and mortgage. The action, it is alleged, was commenced in the first court after the note became due and payable. At the February term, February 23d, 1869, the plaintiff obtained judgment against Mann for the sum of eighteen hundred and fifty-three dollars and twenty-four cents, and the foreclosure of the mortgage, order of·sale, etc. On the 10th day of April, 1869, the plaintiff procured a copy of the judgment to be issued, and the premises were offered for sale, and there was no bid. On the 7th day of October, 1869, another copy of the judgment was issued, and on the 12th day of March, 1869, the mortgaged premises were sold for two dollars, and, finding no other property of the defendant subject to execution, the sheriff returned the order of sale unsatisfied. It is averred that the judgment remains wholly·unpaid. It is also charged that at the time of the assignment of the note and mortgage to the plaintiff, and at the time of the taking of the said judgment, Mann was wholly and notoriously insolvent; that the mortgaged premises were incumbered with prior liens, upon which they were sold and the proceeds exhausted; that afterward, on the 30th day of August, 1870, the plaintiff commenced his action against John W. Stoops, one of the indorsers, and on the 25th day of November, 1871, obtained judgment against him for two thousand dollars; that afterward he caused an execution to issue on the judgment, which was returned nulla bona. It is then alleged that at the maturity of the. note Stoops was wholly and notoriously insolvent, and has so remained. It is alleged that the note is due and remains unpaid.

The complaint then states that Pennington is the owner of certain real estate in Boone county, a description of which is

given, which he is threatening and offering to sell, and is about to sell, to defraud the plaintiff and render his judgment ineffectual, etc. Prayer, for judgment for twenty-five hundred dollars, for injunction, and other proper relief.

Counsel for appellant waive the first assignment of error, and concede that the complaint is sufficient.

The first paragraph of the answer alleges that on the 2d day of October, 1869, the plaintiff sold and assigned fourteen hundred dollars of the judgment against Mann to Jesse Perkins, and received payment therefor in property, and he is therefore barred to that extent from his action against the defendant.

The second alleges that Mann, the maker of the note, resided in the county of Tippecanoe when the note became due; that the note was assigned to the plaintiff on the 7th day of December, 1867, and became due October 12th, 1868; that the defendant had notified the plaintiff to sue Mann, the maker, as soon as the note became due; that Stoops was then able to pay; that the common pleas court sat on the second Monday of November, 1868, which was its first regular term after the note became due; that the plaintiff did not commence his action upon said note and mortgage in said court until the 2d day of December, 1868, and failed to procure judgment thereon until the 23d day of February, 1869; that afterward, on the 2d day of October, in said year, the sheriff of Tippecanoe county having in his hands a certified copy of said judgment, the plaintiff then and there ordered the sheriff to return the same, and the sheriff returned the same accordingly; that the plaintiff then and there sold and assigned, in writing on the order book, etc., fourteen hundred dollars of said judgment to one Jesse Perkins; that afterward, on the 7th day of October, 1869, another copy of said judgment with said assignment was issued to the sheriff of said county, who, on the 12th day of March, 1870, made sale of said mortgaged premises; that there was a steam grist-mill on the mortgaged premises; that before and at the time the said note became due, and on until the sale, the same was declining in value; that the original payee of said

promissory note, Stoops, resided in Boone county, and had in his possession and was the owner of property, both real and personal, of the value of three thousand dollars, and was carrying on a large and profitable business until October 8th, 1869, when he sold and conveyed to one Hall real property in the town of Lebanon, valued at two thousand five hundred dollars, since which time he has proved to be insolvent; wherefore, etc.

In the third paragraph, it is stated that on or about August 30th, 1870, the plaintiff prosecuted his action for the same cause specified in this complaint, in the circuit court of Boone county, making defendants thereto John W. Stoops, Alexander T. Hall, and this defendant, and in said action in November, 1871, though the same was not actually entered until the March term, 1872, the plaintiff procured a personal judgment against said John W. Stoops on his said indorsement of said promissory note for two thousand dollars; that at and before the commencement of said action, it was agreed, by and between the plaintiff and this defendant, as a compromise and final adjustment of the matters connected with said promissory note and the indorsement thereof, that all the indorsers should be made parties to said action, which was done accordingly, and that the expenses and costs, including attorneys' fees in the prosecution thereof, should be paid by the plaintiff and defendant in equal proportions; that this defendant assisted in the employment of attorneys in said cause, and became and is liable for one-half their fee for the prosecution of said action, and assisted in the procuring of witnesses in the cause; that whatever of judgment or property was obtained in said action should be the individual property of the plaintiff, without any claim therein by this defendant, which was a finality in the premises; that the defendant is now ready, able, and willing to pay said moiety of said costs and expenses, etc., when the amount shall be ascertained; that the plaintiff has wholly failed to notify the defendant of the amount thereof, etc.; wherefore, etc.

The complaint alleges that at the time of the assignment

of the note and mortgage, and at the time of the taking of the judgment, Mann was wholly and notoriously insolvent; the mortgaged premises, on account of prior incumbrances, sold for two dollars only, and we suppose, although the fact is not directly averred, that we ought to infer that the maker of the note was insolvent when the note became due, October 12th, 1868. The allegation in the second paragraph of the answer, that the defendant notified the plaintiff to sue on the note as soon as it became due, amounts to nothing, since that was the duty of the plaintiff, if he would hold the indorser, without notice to do so.

The second paragraph of the answer alleges that there was a session of the common pleas court in Tippecanoe county, commencing on the second Monday of November, 1868. The plaintiff might have sued and obtained judgment in this court, as the note matured on the 12th day of October preceding. He did not commence his action, however, until December 2d, 1868, and did not obtain judgment until the 23d day of February, 1869. If the maker of the note had not been insolvent, as alleged in this complaint, this would not have been due diligence. The second paragraph of the answer, however, alleges that before and at the time when the note became due, Stoops, the payee of the note, resided in Boone county, and had in his possession and was the owner of property, both real and personal, of the value of three thousand dollars, etc. Is this fact a defence to this action? We think it is not. The assignee was only bound to use diligence against the maker of the note to give him a right of action against his immediate indorser, the defendant, or any remote indorser. 2 G. & H. 658, sec. 4. We do not think the holder of a promissory note is bound to exhaust the property of a remote indorser before he can have his action against his immediate indorser. The allegation of the assignment of fourteen hundred dollars of the judgment against Mann by the plaintiff to Perkins could, at most, be a bar as to so much of the plaintiff's claim, and cannot, in any view of it, bar the whole cause of action. We

think there was no error in sustaining the demurrer to the second paragraph of the answer.

We think the third paragraph of the answer is also bad. It alleges that in the former action the plaintiff prosecuted his action, for the same cause of action specified in this complaint, against Stoops, Hall, and this defendant, and recovered judgment against Stoops. This cannot easily be comprehended. In this case, the action is on the indorsement of Pennington. It could scarcely be possible that on that a judgment could have been rendered against Stoops, a prior indorser of the note. But what is the effect of the agreement disclosed in the after-part of the paragraph? Counsel for appellant dispose of this part of their case as follows:

"Sustaining the demurrer to the third answer is erroneous. The facts stated are a good accord and satisfaction executed, and is good either in bar or in abatement."

We cannot think accord and satisfaction is matter in abatement. Nor do we think the facts alleged show an executed accord.

We are next to consider the sufficiency of the second paragraph of the reply to the first paragraph of the answer. The first paragraph of the answer is pleaded as to part of the cause of action, and alleges the sale and assignment of part of the judgment against Mann, by the plaintiff to one Perkins. The second paragraph of the reply alleges that before the commencement of this action the said Perkins reassigned such part of the judgment to the plaintiff. Counsel for appellant do not argue or urge this assignment of error, and we do not see that it is available.

Counsel do not argue the motion for a new trial. No ground is mentioned for a new trial in the brief of counsel which we have not already decided.

The judgment is affirmed, with costs.