Iles *v.* Watson.

No. 6074.

ILES *v.* WATSON.

PRACTICE.—*Supreme Court.—Complaint.*—Where the sufficiency of a complaint is questioned for the first time on appeal, it will be sustained, unless all its paragraphs are bad.

EVIDENCE.—*Records.—Transcript.*—Original records, shown to have come from the legal custodian and bearing proper marks of authenticity, are admissible in evidence; either a certified transcript or the original record may be used.

NEW TRIAL.—*Affidavit.—Bill of Exceptions.—Exhibits.—Practice.—Record.*—In order that affidavits in support of a motion for a new trial may be considered by the Supreme Court, they should be incorporated in a bill of exceptions. Attaching such affidavits, to the motion as exhibits does not make them a part of the record.

PROMISSORY NOTE.—*Action by Assignee against Assignor.—Diligence.*—Proof by the assignee of a promissory note, in an action against the assignor, that he had obtained judgment against the maker, in an action commenced at the first term of court after it became due, that execution was duly issued, and that the maker had no property subject to execution, out of which the judgment could be made, is sufficient to entitle him to a recovery.

SAME.—*Duty of Assignee.—Property Fraudulently Conveyed.*—While the assignee of a promissory note is bound to make prompt use of all ordinary legal process to collect from the maker, he is not bound to resort to extraordinary measures to reach property supposed to have been conveyed for the purpose of defrauding creditors.

JURISDICTION.—*Judgment.—Collateral Attack.—Presumption.*—Where a judgment is collaterally attacked, it will be presumed that the court rendering it had jurisdiction.

From the Howard Circuit Court.

*W. M. Waters* and *J. N. Sims*, for appellant.
*D. Waugh* and *C. E. Hendry*, for appellee.

ELLIOTT, J.—There are five paragraphs in the appellee's complaint. We are inclined to think that all are good; at all events, we are well satisfied that some of them are. The sufficiency of the complaint was not questioned in the court below. It is attacked for the first time by the assignment of errors in this court. Against such an attack the complaint must be sustained. Where a complaint is attacked

for the first time upon appeal, it will be upheld, unless all the paragraphs are bad. *The Charlestown School Tp.* v. *Hay*, 74 Ind. 127 ; *Firestone* v. *Daniels*, 71 Ind. 570.

The case was tried upon the issue formed by appellant's general denial to the appellee's complaint. A new trial was refused, and error is alleged upon this ruling. The court admitted in evidence the original record of the proceedings of the Tipton Circuit Court in the action against the makers of the promissory notes assigned by the appellant to the appellee. There was no error in this ruling. Original records, shown to come from the legal custodian, and bearing proper marks of authenticity, are admissible in evidence. A party may use either a certified transcript or the original record. *Britton* v. *The State, ex rel.*, 54 Ind. 535.

One of the reasons upon which a new trial was asked is, that appellant had discovered new evidence. There are no affidavits upon this subject in the bill of exceptions, and we can not determine whether there was any cause shown, and must, therefore, presume that the ruling of the trial court was right. Affidavits are attached to the motion for a new trial as exhibits, but this does not make them a part of the record on appeal. In order that affidavits, in support of a motion for a new trial, should be considered upon appeal, it is necessary that they should be incorporated in the bill of exceptions. *Williams* v. *Potter*, 72 Ind. 354.

The appellee proved, upon the trial, that he had obtained judgment against the maker of the notes assigned to him by the appellant; that his action was commenced at the first term of the court after the notes became due ; that execution was duly issued, and that the execution defendant had no property subject to execution, out of which the judgment could be made. This was sufficient to entitle the appellee to a recovery against the assignor. *Williams* v. *Nesbit*, 65 Ind. 171 ; *Pennington* v. *Hamilton*, 50 Ind. 397 ; *Markel* v. *Evans*, 47 Ind. 326.

It is contended, however, that it appears that the judgment against the maker was rendered without jurisdiction. The record does not, it is true, affirmatively show that process was served upon the defendant, but, as the attack made upon the judgment is a collateral one, the presumption is that the court did have jurisdiction. *Houk* v. *Barthold*, 73 Ind. 21 ; *Anderson* v. *Spence*, 72 Ind. 315 ; *Dwiggins* v. *Cook*, 71 Ind. 579 ; *Abdil* v. *Abdil*, 33 Ind. 460 ; *Horner* v. *Doe*, 1 Ind. 130.

The appellant assumes that the evidence shows that certain real estate was fraudulently conveyed by the maker of the notes assigned to the appellee, and that this property ought to have been subjected to sale by the latter before proceeding against the assignor. The assignee of a promissory note is bound to make prompt use of all the ordinary legal process, but he is not bound to resort to extraordinary measures to reach property supposed to have been conveyed for the purpose of defrauding creditors. In *Sayre* v. *McEwen*, 41 Ind. 109, it was held that the assignee was not bound to resort to a suit for the enforcement of the vendor's lien, which existed in favor of his assignor, before proceeding against him upon his assignment. *Cheek* v. *Morton*, 2 Ind. 321. Upon the same principle, it is held that the assignee is not bound to sue out a writ of attachment, although the maker may be a non-resident having property in this State. *Titus* v. *Seward*, 68 Ind. 456 ; *Holton* v. *McCormick*, 45 Ind. 411 ; *Sims* v. *Parks*, 32 Ind. 363. In *Hubler* v. *Taylor*, 20 Ind. 446, it was said : "All the assignee, in such a case as this, need show, is that the maker had no property, at the maturity of the note, which was subject to be levied upon by the ordinary writ of execution, issuing upon any judgment which might have been obtained. This we understand to be the rule of decision, upon this point, in our State."

The evidence shows something more than ordinary diligence on the part of the appellee ; for it appears that, in

conjunction with other creditors, he did resort to extraordinary measures and did secure from the maker $216, which was credited upon the notes, thus going to the appellant's benefit. Appellant complains because the appellee did not appropriate the entire sum realized. This complaint is utterly groundless. The creditors were entitled to share in the division of the property secured by their combined efforts; neither had a right to exclude the others, for so the court in which the action instituted by the creditors was tried expressly adjudged. That judgment determined the rights of the parties, and must be held effective. The complaint here made comes with an ill grace from the appellant; for the appellee did far more than the law required him to do, and by a long and stubborn litigation (for the sum realized was not obtained until nearly five years after the note matured), secured the sum of $216 for the appellant. The appellee, upon the return of his execution, might have at once prosecuted this action against the appellant, but instead of this he resorted to extraordinary measures, which resulted in substantial good to the latter, and it is now urged against the former that he did not whip off all other creditors and grasp the whole property reached by the extraordinary remedy pursued by the creditors in their joint action.

There is no error in the record.

Judgment affirmed.