### No. 515.

### McFadden v. Ferris.

EVIDENCE.—*Admission in Evidence of Record of a Cause.*—*Competency.*—*Action for Attorney's Fees.*—*Competency in Evidence of Transcript.*—In an action by an attorney at law for professional services rendered in a certain case, the record of the cause of action is admissible in evidence as a part of the history of the case, showing its nature, the amount in controversy, the amount of recovery, and the services rendered; and, where the cause has been appealed, the transcript of the record is admissible in evidence, for the reason above stated, to show the extent of the services rendered.

SAME.—*Judgment in Evidence.*—*When Admissible.*—*Want of Mutuality.*—In such an action the judgment is admissible in evidence as a part of the record, not being subject to the objection of want of mutuality, as such rule only applies when it is sought to bind a party by the recitals of the judgment.

SAME.—*Record Evidence.*—*Irregularity in Obtaining.*—*Presumption of Legality.*—*Competency.*—Matter of record competent as evidence can not be questioned or excluded because of the irregularity in the manner by which it has been obtained, the presumption being in favor of legitimacy of possession until the contrary appears.

INSTRUCTIONS TO JURY.—*Irrelevancy.*—*Evidence Tending to Support.*—An instruction correct in point of law will not be held to have been given erroneously, as being irrelevant, when there is some evidence tending to support it.

VERDICT.—*Presumption of Correctness.*—A judgment will be presumed to be correct until the contrary appears.

From the Shelby Circuit Court.

McFadden *v.* Ferris.

*J. B. McFadden* and *J. T. Carter*, for appellant.

*W. H. Isley* and *W. W. Spencer*, for appellee.

REINHARD, C. J.—The appellant and the appellee are attorneys at law. The appellee sued the appellant for services rendered him, and the appellant filed, besides the general denial, a plea of payment and a set-off for services rendered the appellee. The jury trying the cause returned a verdict in favor of the appellee for $40, and from the judgment rendered on this verdict this appeal is taken.

The only error assigned, which is discussed in the brief of appellant, is the overruling of the motion for a new trial. The appellee insists that the evidence is not properly in the record, but, in view of the conclusion we have reached, it is not necessary to decide this question.

The first erroneous ruling of which the appellant complains is the admission in evidence of the complaint, answers, and reply in the case in which the alleged services of the appellee are claimed to have been rendered. There was nothing wrong in this. The evidence was competent in order to apprise the jury of the nature and extent of the services rendered. There was evidence tending to show that the appellee had performed such services in the trial of the cause, and on appeal to the Supreme Court. There was no evidence to show that any specific amount had been agreed upon as the appellee's compensation. It was proper, therefore, that the jury should know the nature of the suit in which the appellee assisted the appellant as his attorney, the issues in said cause, the amount involved in the litigation, and the result of the same. This could best be done by the introduction of the whole record, and it was, therefore, proper to admit it. The fact that the appellee was not called into the case until it had progressed beyond the making up of issues, does not invalidate the evidence. It was proper to prove what steps were taken in the case, who took them, and what part the appellee had in such

work. We can not say, therefore, that the evidence was irrelevant. To hold that the record was competent only from the time the appellee came into the case, would be an, anomaly, indeed. As well might it be contended that if a mechanic sues for building a part of a house, that part only could be properly inspected by the jury trying the cause.

The next ruling of which complaint is made is the admission in evidence of the record, or transcript, in the cause, in which the alleged services were rendered, which had been filed in the Supreme Court. It is urged that this was improper, for the reason that the transcript had then been filed with the clerk of the Supreme Court, and could not have been legally withdrawn from the files except in the manner specified in rule 34 of that court, and that there was nothing to show that this had been done.

There can be no merit in this objection. The record was competent, for the reason stated above in behalf of the competency of the pleadings and record of the Circuit Court, and we can not presume that the appellee had obtained possession thereof illegally. On the contrary, the presumption is in favor of the legitimacy of the possession until the contrary is made to appear. There is no rule of practice requiring a party introducing evidence upon a trial to show how the evidence was obtained, before he is allowed to submit it. Documentary evidence is frequently presented in the trial courts which was obtained in an irregular way. Thus, strictly speaking, any public record, such as a deed, mortgage, or judgment record, may not be properly removed from its place of custody, except it be on a subpœna *duces tecum*. An officer can not be otherwise required to remove it from the room in which it is deposited for use and public inspection; and, yet, we know such records are constantly brought into the trial courts, voluntarily, and their contents used as legitimate evidence. We know of no reason why such evidence should be rendered incompetent by reason of the irregu-

larity by which it has been obtained. A rule of court, or a public statute, requiring certain documents to remain in the custody of certain officers, may furnish sufficient grounds for punishing an officer, or other person, for removing them, or suffering such removal, except upon proper order, but it does not make them any the less legitimate evidence, if otherwise competent. It is true that certified transcripts of such records are admissible, and may be used, but there is nothing to prohibit the admission in evidence of the original, when it is shown that they came from the hands of the proper custodian, and are properly identified. *Iles v. Watson,* 76 Ind. 359.

The position that the appellant could not afterwards use such evidence in making up the transcript or bill of exceptions is not tenable. The evidence given on the trial, whatever its nature, is supposed to have been transcribed, or taken down, at the time of its presentation to the court or jury, and it is the business of the party appealing to see that such transcriptions are properly made. Moreover, courts, and officers thereof, will always, upon proper application, and for legitimate purposes, allow the temporary removal of records where it does not conflict with the public interest, and in practice no great inconveniences need ever result to any one.

The appellant next complains that the court erred in allowing the appellee to place in evidence the note which formed the basis of the suit in which it is claimed the services were performed. We think the evidence was material and relevant as a part of the history of the cause, and for the reasons stated in our discussion of the first objection.

The same may be said in answer to the next objection, viz., the admission in evidence of the entry of judgment in the same cause.

The fact that there was an absence of mutuality, the parties not being the same, can have no bearing. The rule that

there must be such mutuality applies only in cases where it is sought to bind a party by the recitals of such judgment.

In the case at bar such was not .the purpose of the evidence. It was to prove the fact of the rendition of the judgment, and that the services claimed for were performed. Such collateral facts may always be proved by the judgment. 12 Am. and Eng. Ency. Law, 149.

The evidence was competent to prove the amount of the recovery and the result of the suit. While the success of an attorney in a litigated cause, and the amount of the recovery therein may not always be an absolute criterion for the amount of his fee, it can not be said that these facts have no influence whatever upon the sum he should recover. Such facts are material, and it would be error to exclude them from the jury. The evidence was, therefore, properly admitted.

The next error complained of is an instruction given by the court to the effect that if the services mentioned in the appellant's set-off were voluntarily rendered, without any intention of charging the appellee therefor, as to any such item or items, the jury should find for the appellee. The appellant's contention is that there was no evidence whatever tending to show that such services, or any part thereof, were rendered voluntarily, and hence the instruction was erroneous.

There is evidence to the effect that the services specified in the set-off were rendered upon an understanding that no charges should be made for the same, but that the appellee, being also an attorney, would, if opportunity offered, render similar services for the appellant. The evidence further tends to show that the appellant made no charges in his books for such services, and did not intend to do so.

We can not say that there was not some evidence that the particular services rendered by appellant, and specified

in the set-off were voluntary. Nor is it for us to determine that the appellee's services were given by him in discharge of his obligation to the appellant for similar work done for him by the latter. All such facts were for the determination of the jury, and the court properly left it to them to determine. The court did not tell the jury that the services were or were not voluntary, but left it to them to decide. If the appellant desired an instruction to the effect that if the appellee's services were rendered in payment of or as an equivalent for the services performed by the appellant for the appellee, they should find for the appellant, he should have requested such an instruction from the court.

The appellant calls in question the sufficiency of the evidence to sustain the verdict. There was evidence tending to prove that the value of the appellee's services was $75, and there is, also, evidence tending to show that the appellant's services were of the value of $35. The jury found for the appellee in the sum of $40. The appellant assumes that the jury made no allowance for his services whatever, and only allowed the appellee $40 for those rendered by him. There is no ground for this assumption. No interrogatories were propounded to the jury, and there was nothing to show upon what theory the verdict was predicated. Everything must be presumed in favor of the correctness of the verdict until the contrary appears. We can not say that when the jury decided that the services of the appellee were worth $40 more than those of the appellant they had no evidence whatever upon which to base such a conclusion.

The appellant also makes some points in reference to his plea of payment. There was no evidence to sustain such plea, except in so far as the proof of services rendered by the appellant for the appellee tended to prove payment. There was nothing to show that any other kind of payment was made or received for the appellee's ser-

vices. The evidence as to the nature of all the services, and the value of the same, was before the jury, and we can not say that they transcended their prerogative by the conclusion at which they arrived.

Judgment affirmed.

Filed October 27, 1892; petition for a rehearing overruled April 1, 1893.