May Term, 1839.

COOPER
v.
DROUILLARD.

---

COOPER, Assignee, *v.* DROUILLARD.

The declaration in a suit by the assignee against the maker of a promissory note, after stating the execution of the note on, &c., averred that the payees, *John Greenfield & Son*, then and there indorsed the note to *J. V. Greenfield & Co.*, who then and there indorsed the same to the plaintiff. *Held*, on general demurrer, that the averment was sufficient.

Wednesday, May 29.

APPEAL from the *Miami* Circuit Court.—The judgment of the Circuit Court was in favour of *Drouillard* who was the defendant.

SULLIVAN, J.—This was an action of assumpsit. There are two counts in the declaration. The first is on a promissory note; the second is a common indebitatus assumpsit count for goods sold and delivered. The averments in the first count are that *Drouillard* on, &c., at, &c., made his promissory note in writing bearing date, &c., and then and there delivered the same to *John Greenfield & Son*, and thereby promised to pay, &c., and the said *John Greenfield & Son* then and there *indorsed* the same to *J. V. Greenfield & Co.* or order, who then and there *indorsed* the same to the plaintiff, &c. (1)

The defendant filed a general demurrer to the first count, which was sustained by the Court. This is the first error assigned by the plaintiff.

The objection taken to the declaration is, that it does not set forth such an assignment as is required by the statute to

enable the assignee to sue in his own name. We think the objection is not tenable. The averment that the payees indorsed the note to *J. V. Greenfield & Co.*, is substantially an averment that they assigned it to them by a writing on the back of the note, under their own hands. The statute makes such notes assignable "by indorsement thereon under the hand or hands of the person or persons to whom they have been made payable;" and if the pleader thinks proper to use the word indorse, or any other word that imports all that the statute requires, there can be no valid objection to his doing so (2).

On the second count an issue to the country was made. Exceptions to the opinion of the Court were taken on the trial, but there is nothing in them.

The Court erred in sustaining the demurrer to the first count, and the judgment must for that reason be reversed.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer set aside, with costs. Cause remanded, &c.

*H. Cooper*, for the appellant.

(1) It was not necessary to set out the names of the persons composing the firms that indorsed the note. *Stout et al.* v. *Hicks*, *ante*, p. 49, and note.—*Budd* v. *Wilkinson*, *May* term, 1840, *post*.

(2) Accord. *Harter* v. *Ellis*, Vol. 6 of these Rep. 154.