BOZELL *v.* HAUSER.

BOZELL
v.
HAUSER.

Suit before a justice of the peace by *A.*, the assignee, against *B.*, the assignor
on a promissory note for 100 dollars. The complaint charged that the note
was due and unpaid, and that the maker was insolvent. In the conclusion,
judgment was demanded for 100 dollars. *Judgment by the justice, and ap-
peal to the Circuit Court.* , Motion to dismiss, on the ground that the sum,
with the interest which had accrued, exceeded the jurisdiction of a justice,
overruled. It was proved that the payor had offered to transfer, in payment
of the note, another note for 100 dollars then due, which was subject to an
offset of 20 dollars; that the payor's property was not, at any time between
the date of the assignment and the commencement of the action, worth
more than 300 dollars; that the consideration received by the defendant was
86 dollars. Judgment for 97 dollars.

*Held*, on.appeal, 1. That the motion to dismiss was correctly overruled.

2. That the maker of the note being shown to be utterly insolvent, the as-
signee was not bound to bring suit against him.

3. That the assignee was not bound to accept the note offered by the maker,
nor would he have been bound to accept it even if it had been sufficient in
amount to cover his demand.

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.— This was an action commenced on the
25th of *January*, 1856, before a justice of the peace, by
*Hauser*, assignee, against *Bozell*, assignor, of a promissory
note. The note bears date *December* 15, 1853; was exe-
cuted by one *Miller* to *Bozell*, the defendant below, for
the payment of 100 dollars at twelve months; and by the
latter, on the 18th of *February*, 1854, assigned to *Moses
Pruit*, who assigned it to *Hauser*, the plaintiff.

The complaint charges that the note is due and remains
wholly unpaid; and that when it became due, *Miller* was,
and still is, insolvent, so that an action against him would
have been unavailing. The conclusion of the complaint
is as follows: " Wherefore the plaintiff demands judgment
for 100 dollars."

Before the justice, there was a recovery against the de-
fendant for 22 dollars, from which the plaintiff appealed.
In the Circuit Court, the defendant moved to dismiss the
suit, on the ground that the sum stated in the note, with
the addition of interest which had accrued at the com-
mencement of the action, constituted an amount to which

the jurisdiction of a justice did not extend; but his mo-
tion was overruled. The case was then submitted to the
Court, who found for the plaintiff 97 dollars. Motion for
a new trial denied, and judgment, &c.

The evidence shows that the plaintiff, before he insti-
tuted the present suit, placed the note in the hands of his
agent, one *Jones*, for collection; and that *Miller*, the payor,
had offered to transfer in payment thereof a promissory
note for 100 dollars, then due; but *Jones*, being informed
by *Owens*, the maker of that note, that it was subject to
an offset of 20 dollars, declined taking it. *Owens*, having
been produced as a witness, testified that when he told
*Jones* of the offset, he also told him that he, *Owens*, was
ready and willing to pay the residue of the note. It was
proved that *Miller's* property, including his note on *Owens*,
did not, at any time between the date of the defendant's
assignment and the bringing of this action, exceed in
value 300 dollars. And further, it was shown that the
consideration received by the defendant for the assignment
was 86 dollars and no more.

Had this suit been against the maker of the note, the
ground assumed in support of the motion to dismiss would
have been at least plausible. But here, the assignor is
sued on his assignment, and though, in the absence of any
proof on the subject, the amount of the note is *prima facie*
evidence that that was the price paid for the assignment,
still it was competent for the defendant to show, as the
measure of damages, the actual value which he had re-
ceived from his immediate assignee. 2 Blackf. 243. It
could not, therefore, be known to the Court, until the close
of the evidence, whether the plaintiff's claim did or did
not exceed a justice's jurisdiction. The complaint, on its
face, is unobjectionable; hence, the defendant's motion
was disposed of correctly.

The next question to settle is, was the alleged insol-
vency of the maker of the note sufficiently shown? The
statute says that the assignee of a promissory note "may,
in his own name, recover against the person who made
the same;" and that "any such assignee, having used due

Nov. Term, 1857.

Bozell
v.
Hauser.

diligence in the premises, shall have his action against his immediate or any remote indorser." 1 R. S. p. 378, ss. 2, 4. As a general rule, it is the duty of the assignee to bring suit against the maker, and proceed in the ordinary course of law for the collection of the debt. A return of no property upon an execution, has been held sufficient evidence that the diligence required by the statute had been used. 1 Blackf. 181. But the rule to which we have referred does not apply where the maker has no property within the reach of the law, applicable to the payment of any debt; because, in that event, a suit upon the note, against the maker, could not produce any effective result. 2 Pet. Cond. R. 214.—5 Cranch, 142.—2 Blackf. 243.—8 id. 304. How, then, stands the case at bar? The evidence, in effect, proves that *Miller*, the maker of the note, was utterly insolvent. In value, his property did not, at any time after the defendant made the assignment, exceed 300 dollars. And that amount of property the law allowed him to retain as exempt from execution. Hence a suit against him would have been unavailing.

But it is said in argument, that the plaintiff, having declined taking the promissory note on *Owens*, in payment of the assigned note, was not in position to sustain an action against the assignor. If, as we understand the evidence, *Miller* offered the note in full payment, the plaintiff was evidently not bound to accept it; because it was subject to an offset, and for that reason insufficient, in point of amount, to satisfy his demand. But suppose the note on *Owens* had been sufficient to cover the assigned note, still the plaintiff's refusal would not prejudice his recourse on the assignor; because his was a demand for money, and could not, therefore, be discharged by a mere offer to pay it in property. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. Herod* and *S. Stansifer*, for the appellant.
*C. E. Walker*, for the appellee.