### KERN and Another *v.* HAZLERIGG.

11  443
140  161

The averment in a complaint that the payee of a promissory note sued on indorsed it to the plaintiff, is equivalent to an averment that the payee assigned the note to the indorsee by a writing on the back of it, under his own hand.

The assignment of a promissory note given to secure the purchase-money for real estate, carries with it the vendor's lien on the property.

An answer setting up matter of law, is bad both at common law and under the code.

Where a transfer of real estate is made pending a suit to enforce a vendor's lien, it is not necessary to make the vendee a party.

APPEAL from the *Boone* Court of Common Pleas.

WORDEN, J.—Suit by the appellee against the appellants on a note, and to enforce a vendor's lien.

The complaint alleged that on the 28th day of *January*, 1857, the defendants made their promissory note, a copy of which was filed, whereby they promised to pay to one

*Moses Hall* 500 dollars, without relief from valuation or appraisement laws, eleven months after the date thereof, and that *Hall* indorsed the note to the plaintiff; that said 500 dollars was a part of the purchase-money for certain land therein described, sold by *Hall* to the defendants; that said sum remains wholly unpaid. Prayer for judgment for 550 dollars, and that it be declared a lien on the real estate described, and that the same be sold, &c.

A demurrer was filed to this complaint, which was overruled, and exception taken.

The objections made to the complaint are, that it does not appear therefrom that the note was indorsed in writing by *Hall* to the plaintiff; and that *Hall* should have been made a defendant; and that if properly indorsed, the lien did not thereby pass to the plaintiff.

We are of opinion that the averment that *Hall* indorsed the note to the plaintiff, is sufficient. In the case of *Cooper* v. *Drouillard*, 5 Blackf. 152, it was held that such an averment was substantially an averment that the payee assigned it to the indorsee by a writing on the back of the note under his own hand.

It is also settled, that the assignment of a note given to secure the purchase-money for real estate carries with it the vendor's lien on the property. *Brumfield* v. *Palmer*, 7 Blackf. 227.—*Fisher* v. *Johnson*, 5 Ind. R. 492. *Vide*, also, *Amory* v. *Reilly*, 9 Ind. R. 490, where it is held that an unpaid vendor is entitled to proceed as a mortgagor. The debt is regarded as the principal, and the lien a mere incident; and the transfer of the debt carries with it the incident, in the same manner as the transfer of a debt secured by mortgage carries with it the mortgage security.

We are of opinion that the objections to the complaint are not well taken.

Upon the overruling of the demurrer to the complaint, the defendants answered—

1. By general denial.

2. That the note was executed by the defendants to *Moses Hall*, and assigned by him to the plaintiff, as in the complaint is alleged, the plaintiff then and there thereby

receiving personal security for the payment of the note, which indorsement and security the plaintiff accepted; that at the time *Hall* indorsed the note, there was no understanding or agreement that the lien should exist and continue.

3. That the lien sought to be enforced is an equitable lien, and can be enforced only by an equitable or chancery proceeding, and is not the subject of an action or suit at law; and that the Court had no jurisdiction to hear, try, or enforce the same.

4. That on the —— day of ——, 1857, the said *Robert S. Kern* (one of ·the defendants) sold and conveyed all his right, title, and interest in and to the premises described in the complaint, to said *James N. Kern* (the other defendant); and that on the 15th day of *January*, 1858, the said *James N. Kern* sold, assigned, transferred, and set over the premises in the complaint mentioned, and conveyed the same by deed in fee simple to *Jesse A. Kern*, as assignee of said *James N.*, for the benefit of his creditors; that said *Jesse A.* now holds the land by virtue of such conveyance; that he took the same without any knowledge whatever of the existence of the lien; and that said *Jesse A.* is a necessary party to a complete determination of the suit. Wherefore the defendants demand judgment, &c.

The plaintiff demurred to the second, third, and fourth paragraphs of the answer, assigning for cause (among other things) that the same do not contain facts sufficient to constitute a defense. These demurrers were sustained, and the defendants excepted.

The second paragraph is bad for the reasons indicated in discussing the validity of the complaint. The assignment of the note to the plaintiff, transferred to him the lien, without any "agreement that the lien should exist and continue," and the "personal security" which the plaintiff received by *Hall's* contract of indorsement, by no means discharged that lien. The idea of such "personal security" operating as a discharge or waiver of the lien, is utterly inconsistent with the idea that the transfer of the note transfers also the lien.

The third paragraph is obviously bad, for the reason that it sets up matter of law instead of matter of fact. This cannot be done at common law (1 Chit. Pl. 540), and the code makes no change in this particular. Besides this, the matter pleaded is not correct as matter of law. Since the adoption of the code, the distinctions between actions at law and suits in equity, and the forms of all such actions and suits theretofore existing, are abolished. 2 R. S. p. 27. The Court below was authorized to administer such relief as the case made would warrant, whether that relief would have been considered, under the former system, legal or equitable, or whether the suit should formerly have been at law, or in chancery.

The fourth paragraph of the answer sets up a sale of the land against which the lien is sought to be enforced, on the 15th of *January*, 1858, by *James N. Kern*, one of the defendants, to *Jesse A. Kern*, for the benefit of the creditors of said *James N*. We shall pass over the question, whether such an assignment for the benefit of creditors does not vest the property in the assignee, subject to all equities and liens that may exist against it, whether such assignee have notice of such equities and liens, or not; because the question, we think, does not legitimately arise in the re-cord. *Vide*, Burr. on Assignments, pp. 438, 439, 440.

The paragraph is bad for the reason (if for no other) that it shows a transfer of the property pending the litigation; and in such case it is not necessary to make the vendee a party. In the case of *Green* v. *White*, 7 Blackf. 242, it is said that "the principle is now too well settled to be even doubted, that a *lis pendens* duly prosecuted, is notice to a purchaser, so as to affect and bind his interest in the decree. A purchase of a right which is undergoing a judicial investigation, is a fraud upon the plaintiff, and is so far considered a nullity that it cannot avail against his title."

Whatever interest passed to the assignee was subject to the judgment that might be rendered in the pending suit; and he was not a necessary party to the record.

There was no error committed in sustaining the demurrers.

The cause was tried by the Court, which resulted in a finding for the plaintiff, on which judgment was rendered, ordering the property on which the lien existed to be sold to satisfy the same.

A motion for a new trial was overruled, and exception taken, but the evidence is not set out. Hence, no question is presented as to the correctness of the ruling in this respect.

*Per Curiam.*—The judgment is affirmed, with 8 per cent. damages and costs.

*O. S. Hamilton*, for the appellants.

*A. J. Boone*, for the appellee.