CAMPBELL *v.* GOULD and Another.

17 133
146 597

Suit by an assignee of a promissory note, against his assignor, averring the insolvency of the maker. It appeared in evidence, that the maker of the

Nov. Term,
1861.

CAMPBELL
v.
GOULD.

Friday,
November 29.

note was a householder of the county, and that his property was worth only two hundred dollars.

*Held*, that property within the exemption of three hundred dollars should, *prima facie*, be considered as beyond the reach of the law.

APPEAL from the *Porter* Common Pleas.

HANNA, J.—Suit by the assignees of a promissory note, against the assignor. Averments that suit had been instituted, judgment recovered, mortgaged property sold, and return of no other property found; and, also, that the makers were insolvent, at, and continually after, the maturity of the note.

At the first term of Court, after the maturity of the note, a judgment was recovered against one of the makers, and the cause continued for about six months, as to the other, for publication, before judgment, as to him. No execution issued on the first, until after the second judgment. No excuse was shown for the delay. This was, *prima facie*, a want of diligence. The proof, on the second point, was, that the defendant was a householder of the county, and the head of a family; that his property was worth only two hundred dollars; and that when the execution did issue, he took the benefit of the exemption act. The other defendant was a non-resident. Was this sufficient evidence of insolvency, to dispense with diligence in prosecuting the suit?

The Constitution provides, Art, 1, § 22, that, "The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure, or sale, for the payment of any debt," &c. In pursuance of this provision, the Legislature enacted, "That an amount of property, not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution," &c. 2 R. S., § 1, p. 337.

Thus it will be seen, that property to the value of the sum named, is exempt from liability to a forced sale. Although it may be said, perhaps, that the debtor must claim the exemption, avail himself of this right, and that he may by express acts, or, even implication, waive it; yet we can not perceive but that the property, when within the exemption,

should be *prima facie*, for the purposes of a suit of this character, considered as beyond the reach of the regular process of the Court. In other words, keeping in view the fundamental law, and the statute, the legal presumption would be, that there was a necessity for such laws, and that the citizen would avail himself of the privilege thereby extended to him, to reserve the amount of property indicated, for the purpose named. That is, that such laws are but an expression of the desire of the citizens to retain the "necessary comforts of life," which may be drawn from the possession of that amount of property, rather than devote the same to the payment of debts.

Nov. Term, 1861.

*Per Curiam.*—The plaintiffs having recovered below, the judgment is affirmed, with 3 per cent. damages and costs.

*James Bradley* and *D. J. Woodward*, for the appellant.