## KELLER v. WILLIAMS.

PROMISSORY NOTE.—*Transfer by Endorsement.—Requisites of.*—In order to transfer a promissory note so as to enable the holder to sue the maker thereon without making the assignor a party, the transfer must be made by endorsement, so as to vest the legal title in the endorsee.

SAME.—*Meaning of Endorsement.*—The word endorsement implies a transfer by a writing upon the instrument transferred.

SAME.—*Pleading.*—In a suit upon a promissory note by the holder, where it is alleged that the note was assigned in writing by the payee, the inference is that the assignment was by a separate instrument, and such averment is not equivalent to an averment that the payee endorsed the note to the holder.

SAME.—Where an endorsee sues the maker of a note, he need not set out a copy of the endorsement, but it is necessary to show by averment how he acquired the note, whether by endorsement or otherwise.

From the Tipton Circuit Court.

*J. W. Robinson,* for appellant.

*J. Green, D. Waugh, G. Gifford,* and *J. N. Waugh,* for appellee.

WORDEN, J.—Williams sued Keller, and the following was the complaint, after entitling the cause and specifying the court, viz:

"John W. Williams complains of Robert H. Keller, and says that, on the 1st day of September, 1867, Robert H. Keller executed his promissory note, due one day after date, for forty dollars, value received, bearing ten per cent. interest, without relief from valuation and appraisement laws, to John Darrow. The note was assigned in writing by John Darrow to Isaac Shaw, by Shaw to John W. Williams; that said note is wholly due and unpaid; wherefore the plaintiff prays judgment for sixty-three dollars and twenty cents, and ten per cent. interest from date. A copy of said note being filed herewith and made a part hereof."

A copy of the note followed.

The defendant filed a demurrer to the complaint, assigning for cause, 1. "That there is a defect of parties defendant, to wit, the non-joinder of John Darrow, who is a necessary

defendant in this cause ;" and, 2. That the complaint did not state facts sufficient, etc.

The demurrer was overruled, and the defendant excepted. Such further proceedings were had in the cause as that final judgment was rendered for the plaintiff.

The first error assigned calls in question the correctness of the ruling on the demurrer. The language of the pleading in reference to the transfer of the note from Darrow to Shaw is, that " the note was assigned in writing by John Darrow to Isaac Shaw."

The statute on the subject of promissory notes, etc., provides, that they " shall be negotiable by endorsement thereon, so as to vest the property thereof in each endorsee successively." 2 G. & H. 658, sec. 1. Then the statute on the subject of parties provides, that " when any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment, or his interest in the subject of the action." 2 G. & H. 38, sec. 6.

There may be an equitable transfer of a promissory note or other instrument without endorsement. But in order to effect a legal transfer, it must be done by endorsement. So, in order to transfer a promissory note so as to enable the transferee to sue the maker thereon without making the assignor a party, the transfer must be made by endorsement, so as to vest the legal title in the endorsee. " Endorsement " is the term applied by the statute to both cases. The word has a known legal significance, and implies a transfer by a writing upon the instrument. Thus, in *Cooper* v. *Drouillard*, 5 Blackf. 152, it was held that an averment that the payees indorsed the note was substantially an averment that they assigned it by a writing on the back of the note, under their own hands. See, also, *Kern* v. *Hazlerigg*, 11 Ind. 443.

It should, perhaps, be observed that as there is no limit to the number of successive endorsements that may be made upon a promissory note, if they cannot all be written on the note itself, a paper may be annexed thereto, called in France, *alonge*, on

which the latter endorsements may be written, and which will be deemed a part of the note, and of the same obligation as if written upon the note itself. Story Pr. Notes, sec. 151.

The word "assigned," that employed in the complaint, has no such fixed signification. The averment is, that the note was assigned in writing. It may have been assigned in some separate instrument, and not upon the note ; and the inference is that the assignment was in a separate instrument, as, had it been upon the note, the term endorsed would have been more appropriately used.

The assignee of a note thus suing the maker should show by the averments of his complaint the mode in which the assignment was made, as, if made otherwise than by endorsement, he must make the assignor a party. *Barcus* v. *Evans*, 14 Ind. 381.

We cannot construe the averment in the complaint as equivalent to an averment that Darrow endorsed the note to Shaw, and cannot hold, therefore, that Darrow was not a necessary party. The demurrer points out specifically the non-joinder of Darrow, and should have been sustained. See *Strong* v. *Downing*, 34 Ind. 300.

It may not be out of place to observe that, although the complaint does not profess to give a copy of the assignments, yet a copy of them follows the copy of the note in the transcript. The first is as follows : " September 1st, 1868, I assign the within note to Isaac Shaw, Sr." This is not signed by any one. Then follows an endorsement of the note by Shaw to Williams.

Where an endorsee sues the maker of a note, he need not set out a copy of the endorsements, because the endorsements are not the foundation of his action. It is necessary, however, for him to show by averments how he acquired the note, whether by endorsement or otherwise, in order that it may be known whether the assignor is a necessary party. *Treadway* v. *Cobb*, 18 Ind. 36. If the copies of the assignments would aid the complaint by showing an endorsement of the note by Darrow to Shaw, still we could not look to them for that pur-

pose, inasmuch as by more recent decisions it is established that where documents are set out as parts of pleadings, not the foundation of the action or defence, as the case may be, such documents cannot be looked to for the purpose of aiding or invalidating the pleadings. *The Excelsior Draining Co.* v. *Brown,* 38 Ind. 384; *The Etchison Ditching Association* v. *Busenback,* 39 Ind. 362; *Brooks* v. *Harris,* 41 Ind. 390; *Trueblood* v. *Hollingsworth,* 48 Ind. 537. There are other cases to the same effect, not collected here.

But if we could look at the assignments as set out, they would not aid the plaintiff, inasmuch as Darrow has not signed any, nor does his name appear in them at all. The statement set out purporting to assign the note to Shaw, but signed by no one, does not amount to an endorsement by Darrow.

There are some other questions sought to be raised in the cause by the appellant, but as they can only be presented by a bill of exceptions, and as the bill of exceptions in the record was filed too late, we will not consider them.

The judgment will have to be reversed for the error in overruling the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.