No. 8064.

WILLIAMS v. OSBON.

PLEADING.—*Complaint.*—*Promissory Note.*—*Reference to Copy of Endorsement Sued on.*—*Demurrer.*—In an action by the holder of a promissory note against one as endorser, a complaint containing no reference to the copy of the endorsement filed, is insufficient on demurrer. Without such reference, the court could not know that it was a copy of the endorsement sued upon.

Williams *v.* Osbon.

PRACTICE.—*Special Finding.*—*Burden of Proof.*—*Endorsement.*—On trial of an action against one as endorser, the burden of proof is on the plaintiff suing as endorsee, and, if the evidence fails to establish the fact of endorsement, the finding should be against him. Unless it was found for him, it will be regarded by the Supreme Court as found against him.

SAME.—"*Assigned.*"—"*Endorsed.*"—In such case, a finding "that, prior to the maturity of said notes, said" defendant "assigned said notes, in writing, to the defendant" N., is not a finding that he "endorsed" the notes to him.

SAME.—An averment that a note was "assigned in writing" is not equivalent to an averment that it was "endorsed;" and a finding that it was "assigned in writing" is not a finding that it was "endorsed."

SAME.—*Meaning of "Endorsement.*"—Endorsement implies a transfer by a writing upon the instrument. "Assigned" implies that the assignment was made upon a separate instrument.

SAME. — "*Assignment*" *Negatives* "*Endorsement.*" — A finding that notes were assigned negatives an endorsement, and the assignment creates no liability, for by it the assignor does not warrant the solvency of the maker.

PROMISSORY NOTE.—*Insolvency of Maker.*—*Resident Householder.*—*Exemption.*—*Execution.*—*Endorser.*—*Endorsee.*—An endorsee is not bound to first sue the maker of a promissory note unless the latter has property out of which he can enforce payment of some part of the debt, and if the maker is a resident householder when the note matures, and has not then, or afterward, more than the three (or six) hundred dollars' worth-of property exempt from execution, he is insolvent within the meaning of the law.

SAME.—As between the endorsee and the endorser, the property of the maker, not exceeding the amount exempt by law, must be regarded as beyond the reach of an execution.

From the Greene Circuit Court.

*J. D. Alexander* and *H. W. Letsinger*, for appellant.

*A. G. Cavins, E. H. C. Cavins, B. F. East* and *R. T. Thompson*, for appellee.

BEST, C.—The appellee brought this suit against the appellant and one Joseph Neldon. In his complaint he alleged that one James Cates, on the 16th of November, 1875, made his note to the appellant for $108.00, payable the 1st of March, 1878; that appellant endorsed the note to Neldon, and Neldon transferred it by delivery to the appellee; that

the note was due and unpaid, and at its maturity Cates was and ever since has been insolvent. It was not alleged that a copy of the endorsement was filed with the complaint, though the copy of an endorsement was in fact filed.

A demurrer to the complaint for want of sufficient facts was overruled, and the appellant excepted. An answer in denial, with other special pleas, was filed, and the issues thus formed were submitted to the court, with the request by appellant that the court find the facts specially, and state its conclusions of law thereon.

The court found, in substance, that the appellant, on the 20th of November, 1875, sold to James Cates several parcels of land, for which Cates executed to him two notes of $108.00 each, payable on the 1st day of March, 1877 and 1878, respectively, with interest at ten per cent., and secured them by mortgage upon the land; that, prior to the maturity of the notes, the appellant "assigned said notes, in writing," to Joseph Neldon, who, at the October term, 1877, of the Greene Circuit Court recovered a judgment of foreclosure against said Cates upon the notes and mortgage; that on the 22d of November, 1877, said Neldon assigned the judgment and transferred by delivery the note maturing the 1st of March, 1878, to the appellee, who, upon an order of sale, purchased the land for the amount of costs and the principal and interest due upon the note first maturing; that on the 1st of March, 1878, James Cates was and ever since has been a resident householder of this State, and at that time he did not have, nor has he since had, more than $300.00 worth of property. It was further found that the note last maturing was the note mentioned in this action.

The court, upon these facts, concluded that a sufficient excuse was shown for a want of diligence in not pursuing the maker to insolvency, and that the appellee was entitled to maintain the action. To this conclusion the appellant excepted. Final judgment was rendered for the appellee. The

appellant appeals, and insists that the court erred in over-ruling the demurrer to the complaint, and in its conclusions of law upon the facts found.

The demurrer should have been sustained. There was no reference in the complaint to the copy of the endorsement filed, and without it the court could not know that it was a copy of the endorsement sued upon. *Stafford* v. *David-son,* 47 Ind. 319.

The appellant was sued as an endorser, and unless it appeared that he had endorsed the note mentioned in the complaint, he was not liable for the failure of the maker to pay it. This question was involved in the issue, and the burden was upon the appellee. If the evidence failed to establish such fact, it should have been found against the appellee; and, unless it was found for him, it will be regarded as found against him. *Graham* v. *The State, ex rel.,* 66 Ind. 386 ; *Ex Parte Walls,* 73 Ind. 95.

The "finding is," that, prior to the maturity of said notes, "said Williams assigned said notes, in writing, to the defendant Joseph Neldon." This is not a finding that he "endorsed" the notes. It was held in *Keller* v. *Williams,* 49 Ind. 504, that an averment in the complaint, that the note was "assigned in writing" was not equivalent to an averment that it was endorsed ; and we think a finding that the appellant "assigned the notes in writing" is not a finding that he "endorsed" them. The words are not synony-mous. The word "endorsement" has a known legal signif-ication, and implies a transfer by a writing upon the instru-ment. *Cooper* v. *Drouillard,* 5 Blackf. 152 ; *Kern* v. *Ha-zlerigg,* 11 Ind. 443. The word "assigned" has no such signification, but implies that the assignment was made upon a separate instrument. In *Keller* v. *Williams, supra,* WORDEN, J., says : "The averment is, that the note was assigned in writing. It may have been assigned in some separate instrument, and not upon the note ; and the infer-

ence is that the assignment was in a separate instrument, as, had it been upon the note, the term endorsed would have been more appropriately used."

The finding that the notes were assigned negatives an endorsement, and the assignment itself creates no liability, for, by such assignment, the assignor does not warrant the solvency of the maker. *French* v. *Turner*, 15 Ind. 59.

The next question is, do the facts found show the insolvency of the maker so as to excuse the appellee for not bringing suit against him? The maker was a resident householder, and did not have when the note matured, nor has he had since, more than $300 worth of property. Was he insolvent within the meaning of the law, which requires the property of the maker to be exhausted before the endorser can be made liable? The constitution of the State declares that the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted. Section 1 of "an act to exempt property from sale in certain cases," approved February 17th, 1852, provides, "That an amount of property not exceeding in value $300, owned by any resident householder, shall not be liable to sale on execution, * for any debt growing out of, or founded upon a contract, express or implied, after the fourth of July 1852." The act of March 5th, 1859, provides that before any person shall be entitled to the benefit of the act of February 17th, 1852, he shall make out, and deliver to the officer holding the writ, a verified inventory of all his property, within or without the State, and unless this is done the officer shall not set apart any property as exempt from execution. The appellant insists that, since no property is exempt from execution until an inventory is furnished, the maker of a note, who owns property liable to be sold upon an execution, can not be regarded as insolvent, though he is a resident house-

holder, and his property is worth less than $300. It is true. that, as against an execution, no property is exempt until an inventory is furnished; but it does not follow, as against an endorsee, that such property must be regarded as subject to execution. He is not required to sue the maker unless the latter has property, out of which he can enforce the payment of some part of his claim. This he can not do, if the property can be exempted from the execution, and we therefore think, as between the endorsee and the endorser, the property of the maker, not exceeding the amount exempt by law, must be regarded as beyond the reach of an execution.

Again, while the 1st section of the act of February 17th, 1852, provides that an amount of property not exceeding in value three hundred dollars, owned by a resident householder, shall not be liable to sale on execution, yet other sections of the same statute made it the duty of the execution debtor to claim the property as exempt from execution. A failure to make the claim was deemed a waiver, and the property was liable to be sold upon an execution. *The State, ex rel.,* v. *Melogue,* 9 Ind. 196; *Eltzroth* v. *Webster,* 15 Ind. 21.

The execution debtor was not required to make a schedule of his property, but he was required to claim it as exempt; and, under the provisions of that act, it has been held that, as between endorsee and endorser, such property must be regarded as beyond the reach of an execution. *Bozell* v. *Hauser,* 9 Ind. 522; *Campbell* v. *Gould,* 17 Ind. 133.

The act of March 5th, 1859, does not change this rule. Both before and since that act, the property must be claimed as exempt. Since, the claim must be by a verified inventory, but the mode of making it can not impair the right of the debtor to his exemption, and since the sale of such property can not be enforced, it must, in a suit of this kind, be regarded as beyond the reach of an execution. No other question is presented that will likely arise upon another trial.

We think the court erred in overruling the demurrer to

the complaint, and in its conclusions of law upon the facts found ; and for these errors the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the costs of the appellee, with instructions to sustain the demurrer to the complaint, with leave to amend, etc.