No. 9429.

DICK v. HITT.

PROMISSORY NOTE.—*Insolvent Maker.* — *Exemption.*—*Recovery Against Assignor.*—In an action against the assignor of a promissory note not payable in bank, the plaintiff is entitled to recover upon proof that the maker has no property not exempt from sale on execution.

PRACTICE.—*Evidence.*—*Prima Facie Case.*—When the party having the burden of the issue has given evidence making a *prima facie* case, he is entitled to a finding unless it be met and overcome by evidence given by the other party.

SAME.—*Supreme Court.*—*Amended Pleading.*—*Presumption.*—The Supreme Court will presume that an amended pleading, following leave taken to amend, is properly certified as a part of the record.

From the Knox Circuit Court.

*H. Burns* and *J. S. Pritchett,* for appellant.

*W. H. DeWolf* and *S. N. Chambers,* for appellee.

ELLIOTT, J.—It is urged by the appellee that the judgment should be affirmed without considering the errors alleged by the appellant, for the reason that the original complaint was held bad on demurrer, and it does not appear that any amended complaint was filed. It is true that it is not stated in terms that an amended complaint was filed, but we find that leave was taken to amend, and also find an amended complaint in the record. Under such circumstances the only reasonable presumption is that the appellant followed out the leave granted by filing the amended complaint found in the record. It would be an unreasonable inference that would lead to the conclusion asserted by the appellee. To indulge it would be to hold that the trial court tried the cause upon a complaint to which it had sustained a demurrer. It is hardly conceivable that appellee went to trial upon a complaint which had been adjudged bad.

The controlling question in the case is: Can a recovery be had against the assignor of a promissory note not payable in bank, upon proof that the maker had no property except such as is exempt by law from sale upon execution? The trial court, by its conclusions of law and judgment, gave an answer in the negative, and, in effect, held that the plaintiff, in such a case, must not only prove that the property was less in value than that allowed by law as exempt, but must also prove that the exemption was claimed. In this the court was in error.

If the conclusion reached below is correct, then in no case can a judgment be obtained against an assignor until one has been obtained against the maker, and the exemption claimed in the manner prescribed by law. This would entail needless expense, cause useless litigation, and produce no good result. A rule likely to be productive of such consequences can not be a sound one.

*Prima facie,* property exempt from execution will be claimed by the debtor. Everywhere the law acts upon the presumption that a man will do that which is for his own interest, and this presumption extends to the case of a debtor having a right to exempt property from sale upon execution. When the appellant proved that the property was less than the maker of the note was entitled to claim as exempt, he showed, *prima facie* at least, that the maker had no property which legal process could reach.

A plaintiff is bound only to make out a *prima facie* case. When the evidence establishes such a case, it must be met by the defendant, or judgment will be awarded the plaintiff. In the case in hand, a *prima facie* right of recovery was shown when it was made to appear that the maker of the note had no property subject to execution. There is no obligation upon such a plaintiff to resort to extraordinary measures; all he need do is to show that the maker had no property which could be reached by ordinary legal process. *Iles* v. *Watson,* 76 Ind. 359 ; *Williams* v. *Nesbit,* 65 Ind. 171 ; *Sayre* v. *McEwen,* 41 Ind. 109.

The precise question involved in this case has been decided in at least two cases adversely to the appellee. In *Bozell* v. *Hauser,* 9 Ind. 522, and *Campbell* v. *Gould,* 17 Ind. 133, the question was directly involved and decided. In the latter case it was said : " Although it may be said, perhaps, that the debtor must claim the exemption, avail himself of this right, and that he may by express acts, or, even implication, waive it; yet we can not perceive but that the property, when within the exemption, should be *prima facie,* for the purposes of a suit of this character, considered as beyond the reach of the regular process of the court."

The trial court, in its conclusions of law, refers to the case of *Terrell* v. *State, ex rel.,* 66 Ind. 570; but we find nothing in that case overruling the earlier cases, or in any respect questioning their soundness, or lending any support to the conclusions stated. That case was against a sheriff for failing to levy an execution, and the question came up on the complaint,

the sheriff contending that it was necessary for the plaintiff to show affirmatively.that the debtor had property subject to execution. The distinction between that case and the present is obvious; there the officer's imperative duty was to levy the writ; he had no discretion, nor had he the right to settle any question of exemption. It was not held in that case that the sheriff might not show in defence that the property of the debtor was exempt; on the contrary, it was expressly held that, if shown, that fact would constitute a defence. The effect of the decision cited is, that, by showing a failure to levy the writ, the plaintiff made out a *prima facie* case, which the sheriff might have defeated by showing that the debtor's property was exempt.

Judgment reversed, with instructions to enter judgment in appellant's favor upon the special finding.