Simpkins *et al. v.* Smith.

No. 9855.

## SIMPKINS ET AL. *v.* SMITH.

PROMISSORY NOTE.—*Suit by Assignee.—Averment of Title.*—In a suit upon a promissory note by the assignee of the payee, an averment in the complaint, that " the payee assigned the note to the plaintiff by endorsement," is sufficient.

SAME.—*Fraudulent Conveyance.—Complaint.—Insolvency.*—In an action to set aside a conveyance as fraudulent, an averment, that the debtor "has not now, nor has he since the note was executed had, any property subject to execution more than the exemption allowed by law," is sufficient.

SAME.—The fact that one of the notes sued upon was not due did not render the paragraph, based upon both, bad.

SAME.—*Evidence.— Vendor and Vendee.*—When in such suit the vendee only denies the fraud imputed to her, it is unnecessary to read in evidence the endorsements upon the notes, as the plaintiff's title to the notes is not put in issue.

SAME.—*Instruction.*—When in such suit it is admitted that the vendees did not have, nor has either of them since the debt was created had, any property subject to execution, it is not error to instruct the jury that if the property was conveyed and accepted for the purpose of defrauding the vendor's creditors, such conveyance was fraudulent and void.

SAME.—*Hearsay Evidence.*—The statements of the vendee's father, that he intended to give her the land subsequently conveyed by him to her husband, was mere hearsay, and inadmissible.

PRACTICE.—*Instructions.*—Where a party desires the court to call the attention of the jury to any particular aspect of his defence, he must prepare and request the proper instruction.

SAME.—There is no error in refusing to give an instruction, though correct as an abstract proposition, where it is not applicable to the case made by the evidence.

From the Warren Circuit Court.

*W. P. Rhodes, J. McCabe* and *E. F. McCabe,* for appellants.

*J. M. Rabb* and *C. V. McAdams,* for appellee.

BEST, C.—The appellee brought this action against the appellant Margaret E. Simpkins, her husband Robert J. Simpkins, and her son Justin C. Simpkins, to recover a judgment upon two notes made by the husband and son to Lasker O'Connell, who endorsed them to the appellee, and to set

aside as fraudulent a conveyance made by the husband to the wife.

The complaint consisted of two paragraphs. The first was upon a note of $1,300, and the second upon the same note and another of $800, which had not then matured, both of which were made to Lasker O'Connell, and were alleged to have been assigned by him to the appellee by endorsement. It was also averred that the husband, without consideration, and for the purpose of defrauding his creditors, conveyed all his property subject to execution, to the appellant, who took it with notice of such intention and to aid him in such purpose, and that neither the husband nor son, at the time of such conveyance, had or since has had any property subject to execution. Wherefore, etc.

The appellant's demurrer to each paragraph of the complaint was overruled, and she answered, admitting the conveyance but denying all averments charging her with fraud. The son was defaulted, and the husband filed an answer of denial. The issues were tried by a jury and a verdict returned for the appellee, upon which a judgment was rendered for the amount due upon the note of $1,300, and declaring said conveyance fraudulent and void.

A motion for a new trial by the appellant was overruled, and she alone appeals, assigning the ruling upon the demurrer and upon the motion for a new trial as error.

The first objection made to each paragraph of the complaint is, that neither of them shows any title in the appellee to the notes. The averment that the payee assigned them to the appellee by endorsement is sufficient. *Keller* v. *Williams,* 49 Ind. 504; *Cooper* v. *Drouillard,* 5 Blackf. 152.

The next objection made to the first paragraph of the complaint is, that the insolvency of Justin C. Simpkins is not shown. The averment is that " he has not now, nor has he since said note was executed had, any property subject to execution more than the exemption allowed by law." This was sufficient. If he had no property except such as was

exempt by law, he had none subject to execution within the meaning of the law.   It is true that a debtor may allow property exempt from execution to be levied upon and sold, but we think that property which may be taken upon execution, not by permission of the debtor, but in spite of him and by force of the law, is alone exempt from execution within the spirit of the law.   This is the rule in an action between an endorsee and an endorser, and we think the same rule pertains in actions of this kind.   *Campbell* v. *Gould*, 17 Ind. 133; *Dick* v. *Hitt*, 82 Ind. 92.

The same fact was averred, substantially the same way, in the second paragraph of the complaint, as to both makers of the note, and for the reasons given we think such averment was sufficient.

It is also insisted that as both notes were not due, the second paragraph of the complaint was insufficient.   We think otherwise.   If one was due and unpaid, as averred, a good cause of action was stated.

This disposes of all the objections made to each paragraph of the complaint.

The motion for a new trial embraced several reasons.   Of these in the order discussed by appellant's counsel.

The endorsements upon the notes were not read in evidence, and the appellant insists that it was, therefore, insufficient. The appellant denied nothing in her answer but the fraud imputed to her, and as her failure to deny that the endorsements were made as averred operated as an admission of such averment, it was unnecessary to prove it.  R. S. 1881, section 383.

The court instructed the jury, in substance, that if the appellant's husband conveyed the property in question to her for the purpose of defrauding his creditors, and she accepted it for such purpose, such conveyance was fraudulent and void as against such creditors.   This, the appellant insists, was erroneous, without a modification saying the debtor must have no other property subject to execution.   We agree with the appellant that the above charge is, as an abstract proposition,

not a correct statement of the law, but as applicable to this case it states the law correctly. The appellant admitted upon the trial that the makers of said notes at the time said conveyance was made did not have, nor has either of them since had, any property subject to execution, and under such circumstances, if the conveyance was made and accepted for the purpose of defrauding the grantor's creditors, such conveyance was fraudulent and void as against such creditors.

The court instructed the jury that if the appellant's father gave her forty acres of land, which he conveyed to her husband, and with the proceeds of which the land in controversy was purchased; that if she never released her right to the money, her husband might lawfully convey the same to her in payment of such claim.

She also claims that $300 of other money was invested in the land, and that the court, in not adverting to such claim in the above instruction, erroneously assumed that the former was her only claim. There is nothing, in our judgment, in this criticism. If the appellant desired the attention of the jury called to this particular item, she should have prepared, and requested the proper instruction to have been given.

The appellant asked the court to instruct the jury that, if she and her husband agreed that the forty acres of land claimed to have been given her by her father should be sold and the proceeds invested in land belonging to Allen D. Beasly for her, and, in pursuance of such agreement, she joined in the conveyance of such land, that the proceeds were invested in lands belonging to Allen D. Beasly, and the title thereto taken in the name of her husband, without her consent, he thereafter held such land in trust for her.

This was refused, and there was no error in its refusal. The land purchased from Allen D. Beasly is not the land in dispute, and it is immaterial how it was held, unless this fact is, in some way, connected with this land. The instruction does not, and though it was correct as an abstract proposition, its refusal did no injury. Besides, the instruction al-

ready noticed stated the law upon this question very favorably for the appellant.

The appellant called a witness, by whom she proposed to prove that her father had stated to said witness, before making the deed to the husband, that he intended to give her forty acres of the land, and after making the deed had stated that he had given her the land. These statements were, as it seems to us, mere hearsay, and were not admissible in evidence against the appellant.

The land conveyed by the father to the husband was sold in 1855, and the husband then purchased of Allen D. Beasly 160 acres of land in Warren county, took the title in his own name, lived upon and improved it till 1863, when he sold it, and purchased the land in dispute. The title to this was taken in his name; he built a fine house upon it, improved, and lived upon it until June, 1881, when he conveyed it to the appellant. He was at this time involved, and in view of the evidence as to the alleged consideration for this conveyance, we can not disturb the verdict of the jury.

This disposes of all the questions in the record, and as no error appears, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby approved at the appellant's costs.

