No. 11,327.

## WILLIAMS v. OSBORNE, ADMINISTRATOR.

95 347
146 597
95 347
167 647

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Amount Exempt from Execution.*—A voluntary conveyance may be avoided by creditors upon allegation and proof that the debtor, at the time he made the conveyance, had no other property than that which he could claim as exempt from execution.

PRACTICE.—*Defect in Special Finding.— Venire De Novo.—Exception.*—A defect in a special finding can be reached by a motion for a *venire de novo*, but not by an exception to the conclusions of law.

From the Warren Circuit Court.

*C. V. McAdams*, for appellant.

*J. G. Pearson*, for appellee.

ELLIOTT, J.—The questions argued by counsel are presented by the special finding of facts and the conclusions of law stated by the court on the facts.

The court found the facts to be substantially as follows: David Williams, then in life, was, on the 19th day of December, 1881, the owner of a tract of land; for the purpose of defrauding his creditors, he conveyed it to John W. Williams, by whom it was conveyed to the appellant; both of these persons had knowledge of the fraudulent purpose of David Williams, and both conveyances were voluntary. At the time the conveyances were made, David Williams had $300 worth of property, and no more, which he claimed as exempt from execution, and had at no time thereafter any greater amount of property. No assets of any description came to the hands of the administrator. At the time the first conveyance was executed, the decedent was indebted to divers persons whose claims have been allowed against his estate.

We are clear that the facts warranted the conclusions of law stated by the court against the appellant.

A voluntary conveyance is fraudulent as against existing creditors when the grantor has no other property subject to execution. Our cases establish the law to be that a voluntary conveyance may be avoided by creditors, upon proof that

the debtor had no other property subject to execution at the time the conveyance was made and the suit instituted. The general rule is thus stated in *Campbell* v. *Gould*, 17 Ind. 133: "Although it may be said, perhaps, that the debtor must claim the exemption, avail himself of this right, and that he may by express acts, or even implication, waive it; yet we can not perceive but that the property, when within the exemption, should be *prima facie*, for the purposes of a suit of this character, considered as beyond the reach of the regular process of the court. In other words, keeping in view the fundamental law, and the statute, the legal presumption would be, that there was a necessity for such laws, and that the citizen would avail himself of the privilege thereby extended to him, to reserve the amount of property indicated, for the purpose named." This principle has been applied in a variety of cases. *Bozell* v. *Hauser*, 9 Ind. 522; *Williams* v. *Osbon*, 75 Ind. 280; *Dick* v. *Hitt*, 82 Ind. 92; *Iles* v. *Watson*, 76 Ind. 359, auth. p. 361; *Hubler* v. *Taylor*, 20 Ind. 446; *Simpkins* v. *Smith*, 94 Ind. 470.

Where a special finding is deemed indefinite or defective in its statements, the proper practice is to move for a *venire de novo*. Faults of this character can not be reached by excepting to the conclusions of law stated by the court.

Where the findings are not supported by the evidence, the appropriate proceeding is a motion for a new trial.

It is not necessary that all the allegations of a complaint should be proved, for the rudimentary rule is that it is sufficient if the substance of the issue be proved. It was not necessary for the appellee to prove that the decedent had no property at all, for the substance of the issue was proved when it was made to appear that he had no property subject to execution. As it was not necessary to prove more than the substance of the issue, it follows that it was not necessary to embody more than that in the special finding.

Judgment affirmed.

Filed May 13, 1884.