The State, *ex rel.* Hulman, *v.* Harper *et al.*

Filed Sept. 17, 1889.

No. 13,863.

THE STATE, EX REL. HULMAN, *v.* HARPER ET AL.

EXECUTION.—*Insolvent Debtor.*—A debtor who has no property subject to execution is insolvent.

SAME.—*Exemption.*—*Lien.*—Where a debtor owns less property than he is entitled to claim as exempt from execution, such property is not subject to levy, and an execution does not become a lien thereon.

SAME.—*Sheriff.*—*Failure to Levy.*—*Exempt Property.*—A sheriff is not liable for failing to make a levy where the debtor owns no more property than he is entitled to claim as exempt from execution.

SAME.—*Presumption that Debtor will Claim Exemption.*—While the right to claim property as exempt is a personal privilege of the debtor, the law presumes that he will make such claim.

SAME.—*Tort.*—*Presumption.*—*Burden of Proof.*—In an action against a sheriff for failing to make a levy, it will not be presumed in favor of the plaintiff that his judgment was rendered in tort, but if such is the fact he must establish it.

From the Montgomery Circuit Court.

*J. R. Courtney* and *H. J. Baker*, for appellant.

*J. Wright* and *J. M. Seller*, for appellees.

COFFEY, J.—This was an action by the appellant against the appellee Alexander Harper, as the sheriff of Montgomery county, and the sureties on his official bond.

It appears, from the special finding of the facts in the case, that the appellant, Herman Hulman, recovered a judgment in the Montgomery Circuit Court, on the 15th day of December, 1884, for the sum of four hundred and sixty-seven dollars, against Howard Wilcox. On the 24th day of December, in the same year, he sued out an execution on said judgment, which came into the hands of the appellee Alexander Harper, as the sheriff of said county, on the same day ; said sheriff failed to levy said execution, and permitted it to die in his hands. On the 27th day of June, 1885, the appellant sued out another execution on said judgment, which also came to the hands of the appellee Alexander Harper, as such sheriff, which he failed to levy, and he permitted this writ also to die in his hands. No part of the said judgment has ever been paid.

While said appellee held said writs he demanded of the execution defendant, Howard Wilcox, property to satisfy the same, but was informed by said debtor that he had no property whatever, and that the property which was being used by the said Wilcox and his partner in the saloon business was the property of Lydia Wilcox, the wife of the said Howard, and his partner ; he was informed, however, by the appellant, during the life of said executions, that the undivided one-half of said property was owned by the said Howard Wilcox, and the same was pointed out by the appellant as subject to execution. Howard Wilcox, during all said time, was a resident householder of Montgomery county, Indiana, and during all said time was the owner of the undivided one-half of said property, the same being owned by him and another as partners in carrying on the saloon business, said property consisting of billiard and pool tables, safe, ice-box, side-bar, bar-glasses, decanters, stoves, tables, desk, pictures and furniture. The interest of said Howard Wil-

cox during all said time was worth five hundred dollars, and no more, and this was all the property owned by him. Howard Wilcox at all times disclaimed the ownership of said property, and the appellee Harper had no personal knowledge of the fact that he was the owner of the same at the time he held either of said executions.

Upon these facts the court stated as conclusions of law that said appellee and the sureties on his official bond were not liable to the appellant for failure to levy said executions, and the appellant excepted. He appeals to this court, and assigns as error:

*First.* That the circuit court erred in its conclusions of law upon the facts above stated.

*Second.* That the court erred in overruling the appellant's demurrer to the second and third paragraphs of the appellees' answer.

It is earnestly contended by the appellant that it was the duty of the sheriff to levy the execution in his hands upon the property of the execution debtor, regardless of the question as to whether it exceeded the amount exempt from execution. While, on the other hand, it is contended by the appellees that unless such debtor was the owner of property exceeding in value the amount exempt by law from levy and sale, he was insolvent, and that such insolvency constituted a legal excuse for making no levy.

The case of *State, ex rel.,* v. *Neff,* 74 Ind. 146, was an action on a constable's bond for failure to levy an execution. It was held in that case that a general plea of the insolvency of the execution debtor was a bar to the action. The question, therefore, is, when is a debtor in legal contemplation insolvent?

A debtor who has no property subject to execution is insolvent. *Dick* v. *Hitt,* 82 Ind. 92; *Simpkins* v. *Smith,* 94 Ind. 470; *Williams* v. *Osborne,* 95 Ind. 347; *Williams* v. *Osbon,* 75 Ind. 280.

While it is true that the right to claim property as exempt

from execution is the personal privilege of the debtor, as such exemption is for his benefit, the law presumes that he will make such claim. *Campbell* v. *Gould*, 17 Ind. 133; *Williams* v. *Osbon*, *supra*.

It has been held repeatedly by this court that where a debtor owns less property than he is entitled to claim as exempt from execution, such property is not subject to levy, and an execution does not become a lien upon it, and that he may sell the same, or make such disposition thereof as he may choose, even while the execution remains in the hands of an officer. *Durbin* v. *Haines*, 99 Ind. 463; *Taylor* v. *Duesterberg*, 109 Ind. 165; *Barnard* v. *Brown*, 112 Ind. 53.

The command of an execution, for the collection of a debt, is that the sheriff shall levy the same of the property of the execution debtor subject to execution. R. S. 1881, section 682.

We think it follows from the authorities here cited, that where the execution debtor's property does not exceed the amount allowed by law as exempt from execution, the sheriff is not required to make a levy upon such property. Indeed, he could not do so without exceeding the commands of his writ. It is true that he would be liable to nominal damages for failing to return the execution within the time therein specified, but for a failure to levy upon property upon which his execution was not a lien, we are of the opinion that he is not liable.

It is claimed by the appellant that as it does not appear from the special finding that the judgment upon which the execution in this case issued was rendered upon a contract, we must presume that it was rendered for a tort.

We are not inclined to adopt this view. It was for the appellant to make out his case. When it was shown that the property of the execution defendant did not exceed six hundred dollars in value, we think it should have been shown by the appellant, if he desired to show a liability on the part of the sheriff, that the judgment was rendered in an action

not sounding in contract. The sheriff is presumed to have done his duty, and the burden rested upon the appellant to remove such presumption by proper proof.

What we have said here also disposes of the second assignment of error, as the answers set up the same matters here discussed.

There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Sept. 17, 1889.