Filed March 17, 1893.

---

No. 815.

EARNEST ET AL. *v.* BARRETT ET AL.

ASSIGNMENT.—*Promissory Note.*—*Assignment of an Interest.*—*Action.*—*Joinder of Assignor and Assignee.*—*Statute Construed, Section 276, R. S. 1881.*—An undivided interest in a promissory note may be assigned, and the assignee may join in an action thereon with the assignor, when the complaint sets up the assignment; and where the assignor assigns only an interest, and retains an interest, and he and the assignee join in bringing the action, section 276, R. S. 1881, does not apply, the assignor being estopped to deny the allegations of the complaint.

PROMISSORY NOTE.—*Indorser.*—*Assignor.*—*Liability of Each.*—*Warranty.*—An indorser of a promissory note warrants the liability and ability of the payor to pay, while an assignor only warrants the genuineness of the obligation, and that it is unpaid.

Appeal from the Henry Circuit Court.

*J. L. Shelton* and *Brown & Brown,* for appellants.

*L. P. Newby* and *M. E. Forkner,* for appellees.

Ross, J.—This was an action brought by the appellees against the appellants upon a promissory note. The substance of the complaint being, that the defendants were indebted to the plaintiffs in the sum of twelve hundred dollars, as evidenced by their note, a copy of which was made

a part of the complaint, dated November 22d, 1889, whereby they promised to pay the plaintiff Omer H. Barrett one year after the date thereof, the sum of one thousand dollars, with eight per cent. interest and attorney's fees, and that the same was past due and unpaid; that the plaintiffs loaned to the defendants the sum of one thousand dollars, for which the note in suit was given; that six hundred dollars of the money was furnished by the plaintiff Omer H. Barrett, and four hundred dollars thereof was furnished by the plaintiff Carrie A. Burcheman, but that the note was made payable to Omer H. Barrett, and that he immediately assigned an interest in the note to the amount of four hundred dollars to his co-plaintiff, and that she is now the owner of an interest to that amount therein.

To the complaint the defendants filed their joint demurrer containing three causes as follows:

"*First.* That the said complaint does not state facts sufficient to constitute a cause of action against the defendants.

"*Second.* That the said complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff Carrie Burcheman against the defendants.

"*Third.* That there is a defect of parties defendant in said cause in this: that O. H. Barrett should have been made a defendant to answer as the assignor of the plaintiff Carrie Burcheman."

A complaint, to withstand a demurrer for want of facts, must state a good cause of action in favor of all those who join as plaintiffs. *Parker* v. *Indianapolis Nat'l Bank,* 1 Ind. App. 462; *Brown, Exec.,* v. *Critchell,* 110 Ind. 31; *Peters* v. *Guthrie,* 119 Ind. 44; *Sedwick* v. *Ritter,* 128 Ind. 209.

The note sued on was given by the appellants to the appellee Barrett for money loaned, a part of which belonged to him and a part to the appellee Burcheman. The allegations of the complaint are that although the note was

made payable to the appellee Barrett, he immediately assigned to the appellee Burcheman "an interest in said note to the amount of four hundred dollars, and that she now has an undivided interest therein to the amount of four hundred dollars and eight per cent. interest per annum thereon." A part of an interest in a contract may be assigned in equity, and such assignee, being a party in interest, can join with the other party or parties in interest in an action thereon. *Groves ·v. Ruby,* 24 Ind. 418. The complaint shows a joint interest, and states a cause of action in favor of both of the plaintiffs.

We do not think it was necessary that the appellee Barrett should have been made a party defendant. He was a party plaintiff, and, by his own allegations in the complaint, alleged that his co-plaintiff was the owner of a certain interest in the note sued on. If this action had been brought by the appellee Burcheman alone upon the note, alleging an assignment or transfer to her by appellee Barrett, merely by delivery, he would have been a necessary party defendant to answer as to his interest. Section 276, R. S. 1881. But here he joins with the assignee, thereby admitting the interest of the assignee as alleged in the complaint. The purpose of section 276, *supra,* is to protect the obligor of the contract, when suit has been brought thereon by one claiming through an assignment, from a liability to the original obligee in any action brought by him in the future. It has no application in this case, because the assignor is a party plaintiff alleging a joint ownership with the assignee, and he would be estopped to deny the allegations of his complaint. *Singleton v., O'Blenis,* 125 Ind. 151.

Counsel for appellants insist that the note sued on fails to show an endorsement by the appellee Barrett. The complaint does not charge an endorsement, but does charge an assignment of an undivided interest. There is a vast difference between the liability of an endorser and that of

Earnest *et al. v.* Barrett *et al.*

a mere assignor. The former warrants the liability and the ability of the payor to pay, while the latter simply warrants the genuineness of the obligation, and that it is unpaid. To endorse a note means that the endorser has written his name on the note. *Williams* v. *Osbon,* 75 Ind. 280.

A note may be transferred by an assignment in writing endorsed upon the note or simply by delivery.

When in an action brought by the assignee of a note the assignment is alleged to have been made by an endorsement thereof on the note itself, as provided by section 5501, R. S. 1881, the assignor need not be made a party defendant, but when the note sued on has not been assigned by endorsement the assignor should be made a party defendant, as provided by section 276, *supra. Keller* v. *Williams,* 49 Ind. 504.

This latter section, however, does not apply when the assignor has assigned only an interest, retaining an interest, and he and the assignee join in bringing the action.

The cases cited by counsel for appellants have no application to this case, for the reason that in those cases where the assignment was not in writing the assignor neither retained an interest nor joined as a party plaintiff in the action.

The instructions given by the court were very full, and covered every supposable hypothesis of the case. Taken and considered together, they stated the law correctly.

Instruction " C," asked to be given by appellants, but which the court refused to give, was fully covered by instructions five and six of the instructions given by the court of its own motion.

The evidence not being in the record, all the other questions presented by the motion for a new trial in this case are not presented for consideration by this court.

Judgment affirmed.

Filed March 17, 1893.