## CLARK *v.* WRIGHT.

SUPREME COURT.—*Execution, Sale and Payment, after Appeal from Decree of Foreclosure.—Certiorari after Submission.—Motion to Dismiss.—Answer to Assignment of Errors.*—An appeal was taken to the Supreme Court, by the plaintiff, from a judgment foreclosing a mortgage, in his favor, on real estate, and decreeing the sale of the same subject to a prior lien in favor of a defendant. After a written submission of the appeal by the parties, the defendant answered the assignment of error by alleging that, after the appeal, the plaintiff had purchased the real estate in question at a sheriff's sale thereof, on a certified copy of such decree, which he had caused to be issued, receipting to the sheriff, on the order of sale, for the amount of his bid, less the costs. The defendant also procured a *certiorari* the return to which brought up the record showing the truth of his special plea.

Clark *v.* Wright.

*Held,* on demurrer, that the defendant was entitled to his *certiorari,* that, on the return thereto, a simple motion to dismiss the appeal would have been sustained, that the return shows a payment to the plaintiff within sec. 550, 2 R. S. 1876, p. 238, and that, therefore, the answer is sufficient.

From the Elkhart Circuit .Court.

*J. D. Osborn* and *E. G. Herr,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

WORDEN, J.—One Samuel Cole executed a mortgage on certain real estate therein described to Wilson and Osborn, to secure the payment of a debt of one thousand dollars, and the mortgagees, Wilson and Osborn, assigned the debt and mortgage to the appellant, Clark. Clark brought this action against Cole to foreclose the mortgage, making Alfred P. Wright a defendant, on the ground that he claimed to own or hold some interest in the land thus mortgaged.

Judgment was taken against Cole by default. Wright set up a lien upon the land, prior to the mortgage executed by Cole.

Such proceedings were had as that it was found by the court that Wright had a lien upon the land for the sum of three thousand eight hundred and .fifty-seven dollars and sixty cents, which was prior to the lien of the mortgage executed by Cole, and it was adjudged that the plaintiff's mortgage be foreclosed, etc., and that, in making the sale of the property to pay the plaintiff's debt, it be sold subject to the prior lien of said Wright, thus established.

Clark has appealed, and assigned several supposed errors relating to that part of the proceedings by which the prior lien of Wright was established. That is the only portion of the judgment of which he complains.

The original transcript of the record was filed August 27th, 1877. It did not contain a copy of an order of sale and the sheriff's return thereon, hereinafter noticed.

On November 14th, 1877, the parties filed a written agreement for the submission of the cause.

On September 20th, 1878, the appellee filed a special answer to the assignment of error, alleging, in substance, that, after the recovery of the judgment, the appellant filed a *præcipe* for the issuing of an order of sale upon the judgment, which was accordingly issued and placed in the hands of the sheriff for service; and that afterward, on September 15th, 1878, the sheriff, having first given due notice, by virtue of the order of sale, sold a part of the mortgaged premises for the sum of one thousand five hundred dollars, the plaintiff, the appellant herein, becoming the purchaser and receiving the sheriff's certificate of purchase; that the sum of one thousand four hundred and forty dollars and seventy-five cents was receipted for by the appellant upon the writ, and the residue of the bid was applied to costs.

At the same time the appellee filed an affidavit for a *certiorari* to bring up the residue of the record, viz., the writ on which the sale was made and the sheriff's return thereon, of which the appellant had due notice. The return to the *certiorari* establishes the truth of the special answer, and the appellant demurs thereto.

This raises the question whether, under the facts thus alleged and shown, the appeal can be maintained.

The appellant contends that the special answer came too late; that it could not be filed after the agreement for the submission of the cause of November 14th, 1877. It has, however, long been the practice of this court to allow a *certiorari* to go, after the submission of a cause, to supply any diminution of the record. It was not until recently that there was any rule requiring notice to the opposite party in such case. See Rule 37.

It would be idle to issue a *certiorari* after submission, if the parties agreeing to submit were bound by the record

as it stood at the time of the agreement. The issuing of a *certiorari*, after as well as before submission, pre-supposes that it may bring up matters that may entirely change the aspect of the record; hence notice of the intended application for a *certiorari*, after submission, was thought necessary.

The record as it was originally filed did not contain the matter upon which the special answer was founded; and we think the answer would have been in time, if it had not been filed until after the return to the *certiorari*. It was in fact filed at the time the *certiorari* was applied for, but that did not vitiate it.

After the return to the *certiorari*, a mere motion to dismiss would have been sufficient, as the basis of such motion is apparent from the complete record.

This preliminary point being disposed of, we proceed to the principal question.

Our statute provides that " The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." 2 R. S. 1876, p. 238, sec. 550.

We are not inclined to give this provision such a liberal interpretation as would allow an appeal to stand if taken before receiving any money paid or collected thereon, where money has been thus received after taking the appeal. We think the evident purpose of the provision was to prevent a party obtaining judgment from taking, prosecuting or maintaining an appeal after thus receiving money paid or collected thereon. By taking such money, he ratifies the judgment as rendered, and ought not to have the benefit of the judgment, and at the same time a right to prosecute an appeal therefrom.

The appellant in this case complains of the judgment that Wright had a prior lien on the mortgage premises, and that they be sold subject to that lien in order to make the amount due him on his mortgage. He has caused the

land, or a part of it, to be sold in accordance with the judgment, he himself becoming the purchaser and receiving the certificate of purchase, and crediting the amount of his bid, after paying costs, upon the execution. He has thus received the one thousand four hundred and forty dollars and seventy-five cents on his judgment. In our opinion he comes clearly within the spirit and intent of the statute, and can not maintain this appeal.

The appeal is dismissed, at the costs of the appellant.