Durbin *et al. v.* Haines.

Filed Sept. 1, 1884.

---

No. 10,577.

DURBIN ET AL. *v.* HAINES.

SUPREME COURT.—*Certiorari.—Notice.—Practice.—*A motion in the Supreme Court for a certiorari, after submission, will be heard after ten days' notice under rule 37, though the notice specify an earlier day.

EXECUTION.—*Lien.—Personal Property.—Chattel Mortgage.—*A writ of *vendi. exponas,* with a command to make any part of the judgment unsatisfied by the property mentioned in the writ, by levy on any other property of the defendant, is a lien from its receipt by the sheriff upon personal property of the defendant, subject to execution, within the county, prior to a chattel mortgage thereon afterwards executed.

SAME.—*Exemption.—*An execution in the hands of a sheriff is not a lien where the defendant has no property save what he may claim as exempt from execution by schedule.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer, J. S. Ferris, S. M. Jones* and *H. C. Jones,* for appellants.

*J. B. Rebuck,* for appellee.

BLACK, C.—The appellee brought suit upon a promissory note made to him by the appellant Durbin, and to foreclose a chattel mortgage executed by the maker to the pay э to secure the payment of said note, it being alleged that the other appellants, William Wheeler, Henry Weber, sheriff of Ripley county, and Francis Adkinson, claimed some interest in the mortgaged property, but that they had no interest as against the appellee.

Durbin made default. Adkinson pleaded that he had a mortgage on the same property, but that his lien was junior to that of the appellee. Wheeler and Weber answered jointly by general denial, and they separately filed affirmative pleadings, to which demurrers of the appellee were sustained.

The court found and rendered judgment against Durbin on the note, and against all the defendants for the foreclosure of the mortgage.

The record as first brought to this court showed a return of the sheriff indicating that there was no service of process upon Durbin; and it was assigned as error that the court had not jurisdiction of his person. A copy of the sheriff's return, brought up by *certiorari* since the submission of the cause, shows service on Durbin. The notice of the appellee's motion, on which this *certiorari* was awarded, was served on an attorney for the appellants on the 2d of February, 1884, and notified him to appear to said motion on the 5th of said month. The *certiorari* was awarded on the 12th of said month. It is contended for the appellants that the service of said notice was insufficient, and that as the appellants did not appear to the motion, the order made thereon and the return to the *certiorari* should be disregarded. Rule 37 of this court is as follows: "No motion for a *certiorari* to correct the record in a submitted cause, will be entertained, unless the opposite party or his attorney shall have had ten days' notice in writing of the intended motion." Before the adoption of this rule, it was the practice to allow a *certiorari* to go without notice, after the submission of the cause, to supply a diminu-

tion of the record.   *Clark* v. *Wright*, 67 Ind. 224.   Under this rule, the court will entertain the motion at any convenient time after the opposite party or his attorney has had ten days' notice in writing, though a day prior to the expiration of such period has been designated in the notice, as in this instance.

The pleadings to which demurrers were sustained presented a question, the facts involving which were in substance as follows: On the 18th of November, 1879, the appellant Wheeler recovered a judgment in the Ripley Circuit Court, against said Durbin and one Hunter, for $598.40.  On December 31st, 1879, an execution was issued on said judgment, and the sheriff, on that day, after demanding personal property of the defendants, levied said writ, by their direction, on certain land of said Hunter in said county.   The sheriff advertised said land for sale on the 26th of June, 1880.   On that day, Durbin paid $200 on the execution, and the sheriff, on the same day, returned said execution unsatisfied, with his doings thereon.   On the 7th of December, 1880, the clerk issued an execution reciting the former levy and return, and ordering the sheriff to make the money due on said judgment out of the property levied on, and, if not sufficient, out of any other property of the judgment defendants subject to execution. On the 23d of May, 1881, the sheriff levied this writ on said mortgaged personal property in said county.   It was alleged that on the 9th of June, 1881, said writ having expired, the sheriff returned it with his doings thereon, and asked the clerk to issue an *alias venditioni exponas*, which the clerk did on the 17th of June, 1881.   On the 25th of June, 1881, the sheriff sold to Wheeler for $175 said land, which it was alleged was largely encumbered by judgments and mortgages, and this sale left a portion of his judgment still unpaid.  On the 10th of July, 1881, the sheriff, after advertisement, offered said personal property for sale, but failed to sell it because of the appellee's claim thereon under his mortgage.

It was asked that Wheeler's writ be declared a lien supe-
rior to said chattel mortgage. Section 453 of the code of 1852,
in force at the times referred to in these pleadings, provided,
as does section 740, R. S. 1881, "When any property levied
on remains unsold, it shall be the duty of the sheriff, when
he returns the execution, to return the appraisement there-
with, stating in his return the failure to sell and the cause of
the failure."

Section 454 of the code of 1852 provided : " The lien of
the levy upon the property, shall continue, and the clerk, un-
less otherwise directed by the plaintiff, shall forthwith issue
another execution, reciting the return of the former execu-
tion, the levy and failure to sell, and directing the sheriff to
satisfy the judgment out of the property unsold, if the same
is sufficient; if not, then out of any other property of the
debtor, subject to execution."

The section last quoted has been amended by section 741,
R. S. 1881, so as to provide that the lien of the former levy
shall continue only during certain designated periods unless
another execution has been issued, and so as to provide that
the latter shall be issued by the clerk when directed by the
plaintiff. See *Zug* v. *Laughlin,* 23 Ind. 170.

When the mortgage in suit was executed, an execution such
as was provided for by said section 454 of the code of 1852
was in the hands of the sheriff, and the land levied on was
sold afterward.

A *venditioni exponas* without a *fieri facias* clause is merely
an order to sell property already levied on, and it affects no
other property. The question to be decided is, whether or
not the writ of *venditioni exponas* with a *fieri facias* clause
provided for by our statute constitutes a lien on other prop-
erty of the judgment debtor before that on which the former
writ was levied has been exhausted under the later writ.

It is true that the *fieri facias* clause is conditional, and
that the sheriff has no authority, by virtue of such a writ, to
levy on other property, without first ascertaining the fact that

such "unsold property" is not sufficient to satisfy the judgment. No distinction is made by the statute between cases in which the property must be appraised before sale and those in which no appraisement is required; and, without regard to the actual value of the unsold property, the writ is to contain the conditional clause, and the extent to which such property is sufficient is to be realized by the sheriff before he is authorized to proceed against other property.

In North Carolina, it has been held that the special *fi. fa.* clause in writs of *venditioni exponas* does not give them priority as to personal property not levied upon by former executions. *Dunn* v. *Nichols,* 63 N. C. 107; *Canaday* v. *Nuttall,* 2 Ired. Eq. 265.

In our State, the various kinds of executions, their requisites, and the time from which they become liens on chattels, are provided for by statute.

Section 686, R. S. 1881, provides, as did section 413 of the code of 1852: "When an execution against the property of any person is delivered to an officer to be executed, the goods and chattels of such person within the jurisdiction of the officer shall be bound from the time of the delivery."

The writ provided for in said section 454 was therein denominated, as that provided for in said section 741, R. S. 1881, is therein styled, "another execution," and the former was, and the latter is, "an execution against the property of" a person; and by the terms of our statute, therefore, such a writ bound the goods and chattels of the persons against whom it was directed, within the jurisdiction of the officer, from the time of the delivery to the officer.

It may seem unreasonable that an execution should be a lien on chattels before they can be levied upon thereunder; and the tendency of modern statutory provisions on the subject of executions is to postpone the commencement, or limit the effect of the lien, or to abolish it. But for an execution to be a lien on property without present authority of the officer to levy thereon, is no anomaly. Upon the finding of an issue

of suretyship in favor of the surety, the court makes an order directing the sheriff to levy the execution first upon and exhaust the property of the principal before a levy shall be made upon the property of the surety, and the clerk indorses a memorandum of the order on the execution; and a levy of the property of the surety may be enjoined, if made before the property of the principal has been exhausted. *Johnson* v. *Harris,* 69 Ind. 305. But it would not be claimed that until the property of the principal has been exhausted, the execution does not become a lien on the surety's property. And when, there being an express written agreement for the payment of a sum of money secured by a mortgage, the court, upon foreclosure, directs in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be levied of any property of the mortgage debtor, the sheriff to whom the copy of the order of sale and judgment is issued proceeds to sell the mortgaged premises as upon execution, and if any part of the judgment, interest and costs remains unsatisfied, he is to proceed forthwith to levy the residue of the other property of the defendant. Sections 1099, 1100, R. S. 1881.

In *Willson* v. *Binford,* 54 Ind. 569, it was said by WORDEN, C. J.: "We see no reason why such an execution" (issued on a judgment of foreclosure) "should not be a lien upon the goods and chattels of the defendant therein, as provided for by" said section 413 of the code of 1852. That question was not decided in that case, and we do not mean to decide it here. The writ which was in the hands of the sheriff when the chattel mortgage involved in the case at bar was executed, was an execution against property by the definition of the statute, and the statute made executions against property liens from the time of their delivery to the officer.

One of the paragraphs pleaded by the appellant Wheeler as his second separate answer, besides alleging facts substantially as above set out, alleged that Durbin was insolvent, and had no property subject to execution, and that on the 23d

of May, 1881, he left the State, leaving the property in suit in said county.

If said mortgagor, at the time of executing the mortgage, had no property subject to execution, as thus alleged, the mortgagee could hold the property against the execution, for Durbin could dispose as he pleased of his property, which, in fact, was not subject to execution. *Godman* v. *Smith*, 17 Ind. 152 ; *Terrell* v. *State, ex rel.*, 66 Ind. 570. There was no error, therefore, in sustaining the demurrer to this paragraph. But the court erred in sustaining the demurrers to the first separate answer of Wheeler and the separate answer of Weber.

PER CURIAM.—It is ordered, that the judgment against the appellants Durbin and Adkinson be affirmed, at their costs, and that the judgment be reversed as to the appellants Wheeler and Weber, at the costs of the appellee, and the cause is remanded with instructions to proceed as indicated in the foregoing opinion.

