No. 12,874.

## WHEELER ET AL. *v.* HAINES.

EXECUTION.—*Personal Property.*—*Levy Upon.*—*Expiration of Lien.*—*Rights of Other Creditors.*—*Chattel Mortgage.*—Under section 741, R. S. 1881, if a judgment plaintiff fails to take out a second execution the lien of a levy on personal property expires at the end of thirty days from the return of the writ under which the levy was made, and, as between the judgment plaintiff and a subsequent mortgagee, the levy will be deemed vacated, and such mortgagee may thereafter subject the property to sale in satisfaction of his debt, discharged from any right of the prior creditor.

From the Ripley Circuit Court.

*E. P. Ferris, J. L. Benham, W. W. Spencer* and *J. S. Ferris,* for appellants.

*J. B. Rebuck,* for appellee.

HOWK, J.—This is the second appeal to this court in this case. *Durbin* v. *Haines,* 99 Ind. 463. On the former appeal we reversed the judgment below for errors of the court in sustaining the demurrers of plaintiff, Haines, to the first separate answer of defendant Wheeler, and to the separate answer of defendant Weber; and the cause was remanded, with instructions to the court to overrule such demurrers, which was done accordingly.

After the cause was remanded Thomas L. Hughes, then sheriff of Ripley county, was substituted as defendant in the room and stead of defendant Weber, who was before that time sheriff of such county; and defendant Hughes filed his separate answer herein, which was substantially the same as the separate answer of Weber, which was considered by this court on the former appeal herein.

Plaintiff then replied in five paragraphs to the answers of defendants Wheeler and Hughes, of which the first paragraph of reply was a general denial of such answers, and each of the other paragraphs was a special reply. Defendants' joint

demurrers to each of such special replies were sustained as to the second, third and fourth replies, and overruled as to the fifth reply.   The cause being at issue was submitted to the court for final hearing and decision, and the court found generally for the plaintiff, and specially that plaintiff's lien and rights on account of his mortgage herein sued upon, and of his judgment and decree heretofore rendered in this action so far as it was affirmed by the Supreme Court, were senior and superior to any lien or right of defendants, or either of them, and that the mortgaged property should be sold on an order of sale, issued on the aforesaid judgment and decree, fully discharged and freed from any lien or right of the defendants on or in such mortgaged property.   Upon and in accordance with its aforesaid finding, the court below rendered its final judgment and decree herein.

In this court defendants Wheeler and Hughes have jointly assigned as error the overruling of their joint demurrer to the fifth paragraph of plaintiff's reply to the separate answers of such defendants herein.

This suit was commenced on the 24th day of August, 1881, by plaintiff, Haines, against Greene Durbin, Henry Weber, sheriff of Ripley county, William Wheeler, Morris Voltz and Francis Adkinson, as defendants.   The object of the plaintiff's suit was to foreclose a certain chattel mortgage executed to him by defendant Durbin, on the 26th day of April, 1881, and recorded on the next day in the recorder's office of Ripley county, and to collect the debt secured thereby by the sale of the mortgaged chattels, and to obtain a decree declaring that the other defendants had no interest in such mortgaged chattels as against plaintiff herein.   Durbin made default, and the other defendants appeared and answered, and, as to them, the cause was put at issue.   Upon the hearing then had the court found for the plaintiff, and rendered judgment in his favor against defendant Durbin for the amount due on the mortgage debt and costs of suit; and the court then decreed the foreclosure of plaintiff's mortgage and the

sale of the mortgaged chattels, discharged and freed from any lien or right of defendants on or in such chattels. On the former appeal herein we affirmed such judgment and decree as against the defendants Durbin and Adkinson, and reversed the same as to defendants Wheeler and Weber, as we have heretofore stated in this opinion. *Durbin* v. *Haines,* *supra.*

On the return of the cause to the court below Weber went out of the case, and, in his stead, Hughes, sheriff of Ripley county, was substituted as a defendant, and filed his separate answer. In his answer defendant Hughes alleged that he had become and was the duly elected, qualified and acting sheriff of Ripley county, as the successor in such office of Henry Weber; that, on the 18th day of November, 1879, defendant Wheeler recovered a judgment against said Greene Durbin and one George W. Hunter in the court below for $598.40, upon which judgment an execution was duly issued on the 31st day of December, 1879, and delivered to one Crozier, then sheriff of such county, who, on the same day, levied such execution on said Hunter's lands, and advertised the same for sale on June 26th, 1880; that, on the day last named, said Durbin paid $200 on such execution, and the same was then returned by the sheriff unsatisfied to the clerk of such court; that afterwards, on December 7th, 1880, a writ of *venditioni exponas* was issued on such judgment, and, on the same day, placed in the hands of said Weber, then sheriff of such county; that such writ commanded the sheriff to make the balance then due upon such judgment by the sale of the lands theretofore levied upon, and that if enough money was not thereby realized to satisfy such writ, the residue should be made by levy upon and sale of any other property of the execution defendants subject to execution; that, on May 23d, 1881, Sheriff Weber levied such writ upon the law library of said Durbin, including the chattels described in plaintiff's mortgage; that afterwards Sheriff Weber returned such writ to the clerk of such court, who, on June

17th, 1881, issued an *alias* writ of *venditioni exponas*, and delivered the same to Sheriff Weber, who by virtue thereof offered and sold said Hunter's lands to defendant Wheeler for $175, leaving, to wit, the sum of $300 of such writ unsatisfied ; that, at the time of the aforesaid sale, Sheriff Weber had the possession and custody of said Durbin's law library, including the chattels mortgaged to the plaintiff, by virtue of the aforesaid levy thereon, and continued in possession thereof until the expiration of his term of office, when he delivered such *alias* writ and such law library to defendant Hughes, as his successor in office ; and that said Hughes, as such sheriff, had continued to be, and still was, in possession of such property by virtue of such *alias* writ and the aforesaid levy thereon. Wherefore, etc.

Substantially the same facts were alleged by defendant Wheeler in the first paragraph of his separate answer as those stated by defendant Hughes in his separate answer, the substance of which we have given, *except* that Wheeler's answer contains no averment in relation to the expiration of Weber's term of office as sheriff, and his delivery of such *alias* writ and such law library to defendant Hughes, as his successor in the office of sheriff, and Hughes' continuance in the possession of such property, under such *alias* writ, until the filing of his answer herein, on the 21st day of November, 1885.

Without first giving a summary even of the facts stated by plaintiff in the fifth paragraph of his reply to the foregoing answers of defendants Hughes and Wheeler, we may say generally that the question as to whether or not the court below erred in overruling defendants' joint demurrer to such paragraph of reply, depends for its decision, in part at least, upon the construction which may be placed upon provisions of section 741, R. S. 1881.

This section reads as follows : " The lien of the levy upon the property shall continue ; and the clerk, when directed by the plaintiff, shall forthwith issue another execution reciting

the return of the former execution, the levy and failure to sell, and directing the sheriff to satisfy the judgment out of the property unsold, if the same be sufficient; if not, then out of any other property of the debtor subject to execution; but such lien as to personal property shall continue only for thirty days (unless a second execution be issued thereon) from the time of said return, at which time it shall, be released as to *bona fide* purchasers for value and as to the levies of writs on other judgments, and the levy shall, as between the parties, be deemed vacated; and as to real property, after six months, the levy of such writ shall be discharged."

This section of the statute amends and supersedes section 454 of the civil code of 1852, and has been in force since September 19th, 1881. In so far as section 741 limits the lien of a levy on personal property to thirty days from the return of the execution under which the levy was made, unless a second execution be issued thereon, and provides that as to real property, after six months, the levy of such writ shall be discharged, the legislation is new and is not to be found, so far as we are advised, in any prior statute of this State.

In the fifth paragraph of his reply plaintiff has stated facts which show, as his counsel claims, that the prior lien of defendants' levy on said Durbin's law library, including the chattels so mortgaged to plaintiff, has terminated and must " be deemed vacated " as between him and such defendants, under the limitations declared in such section 741, above quoted.

It was alleged by plaintiff in his fifth reply, among other things, that the execution commonly called a writ of *venditioni exponas*, under which Sheriff Weber levied upon Durbin's law library, a part of which was mortgaged to plaintiff, was issued to and placed in the hands of such sheriff on the 7th day of December, 1880, and was by him returned on June 9th, 1881, unsatisfied; that on June 17th, 1881, an *alias* execution of the same kind was issued and delivered to

Sheriff Weber, and was by him returned unsatisfied on December 17th, 1881 ; that, on December 20th, 1881, defendant Wheeler sued out of the court below an ordinary execution, commonly called a *fieri facias,* upon his aforesaid judgment against said Hunter and Durbin, which writ was, on the same day, delivered to such Sheriff. Weber, and was by him returned on June 13th, 1882, by order of defendant Wheeler ; that, on June 14th, 1882, an *alias* execution of the same kind was issued on such judgment and delivered to such Sheriff Weber, and was by Sheriff Hughes returned unsatisfied, by order of defendant Wheeler ; that, on January 13th, 1883, an *alias* execution of the like kind was issued on such judgment and placed in the hands of Sheriff Hughes, who returned the same unsatisfied on July 14th, 1883 ; and that from that day continuously until the 21st day of April, 1885, no execution of any kind was issued out of such court on the aforesaid judgment in favor of defendant Wheeler and against said Hunter and Durbin, or placed in the hands of any sheriff of Ripley county.

By their demurrer to the fifth paragraph of plaintiff's reply, defendants admit that the facts stated therein are true, and applying to the facts thus admitted the provisions of section 741, above quoted, it is manifest, we think, that the lien of defendants' levy, on the chattels mortgaged to plaintiff, under the execution issued on the 7th day of December, 1880, long since expired by limitation, and that such levy must, as between plaintiff and defendant Wheeler, " be deemed vacated." The lien of such a levy is purely a statutory lien ; it has its origin in the statute, and exists only by force of the statute ; and its duration depends upon the execution plaintiff's compliance with the terms and requirements of the statute. We are of opinion, therefore, that the facts stated by plaintiff in the fifth paragraph of his reply were amply sufficient to avoid the matters alleged by defendants in their separate an-

swers herein, and that the demurrer to such paragraph of reply was correctly overruled.

The judgment is affirmed, with costs.

NOTE.—The death of appellee before the submission of this cause having been suggested to this court, the clerk will enter this judgment in favor of his heirs, who are ordered to be substituted as appellees herein.

