The appellees' motion to quash ought not to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule their motion to quash the affidavit and information, and for further proceedings.

Filed Sept. 30, 1891.

---

No. 372.

## CHATTEN v. GERBER.

EXECUTION.—*Levy of on Personal Property.*—*Lien.*—*Continuance of.*—*Return Day.*—*Sheriff.*—The lien of the levy of an execution on personal property can not continue for the protection of the officer, as against the levies of writs on other judgments, longer than thirty days after the return day of the execution, unless a second execution has been issued.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellant.

*W. L. Stonex* and *P. V. Hoffman*, for appellee.

BLACK, J.—The appellant, sheriff of Elkhart county, was sued by the appellee for failure and refusal to turn over to him the proceeds of an execution sale.

The question presented here relates to the action of the court in sustaining the appellee's demurrer to the appellant's answer.

The facts involved, briefly stated, were as follows:

On the 25th of August, 1886, one Plank, being the owner and holder of a judgment rendered in the court below for $1,224.75 against one Roach, caused execution to be issued thereon to the sheriff, the appellant.

On the 17th of November, 1886, one Straus, being the owner and holder of a judgment rendered by the same court against said Roach for $124.32 and costs taxed at $11.85, caused execution to be issued thereon to said sheriff.

On the 20th of December, 1886, said sheriff levied both of said executions on certain personal property of said Roach.

On the 4th of April, 1887, said sheriff, after due notice, sold said property at public auction by virtue of said Straus execution and levy for $112, to one Roth, who paid said sum in cash to said sheriff, who retained therefrom his fees for said levy and sale, and paid and applied the balance, being $103.20, on said Plank execution and levy.

On the 17th of May, 1887, said sheriff returned said Straus execution, not being able to find other property of said Roach on which to levy.

On the 2d of October, 1889, said Straus assigned his said judgment to the appellee, with any right of action said assignor might have " in consequence of any officer of said court neglecting or failing to perform his duty in executing

or returning any execution or other writ issued on said judgment."

If upon these facts a liability existed against the appellant in favor of the appellee, there was no error.

Plank's execution became a lien on the personal property of Roach, in the county, on the 25th of August, 1886. Straus's execution became a lien on the same property on the 17th of November, 1886. Section 686, R. S. 1881. The executions were levied at the same time, and the sale was made on the Straus execution and levy on the 4th of April, 1887.

It is the duty of the sheriff to return an execution within one hundred and eighty days from its date. If the return day falls on Sunday, the execution shall be returned on the following Monday. It is the sheriff's duty to return an execution forthwith upon the order of the plaintiff or his agent endorsed thereon. Sections 683, 788, R. S. 1881.

The statute provides a remedy for the execution plaintiff injured by the neglect or refusal of the sheriff to return any execution as required by law. Sections 784, 786, R. S. 1881.

It is provided by section 740, R. S. 1881, that " When any property levied on remains unsold, it shall be the duty of the sheriff, when he returns the execution, to return the appraisement therewith, stating in his return the failure to sell and the cause of the failure."

Section 741, continuing upon the same subject, provides : " The lien of the levy upon the property shall continue ; and the clerk, when directed by the plaintiff, shall forthwith issue another execution reciting the return of the former execution, the levy and failure to sell, and directing the sheriff to satisfy the judgment out of the property unsold, if the same be sufficient ; if not, then out of any other property of the debtor subject to execution ; but such lien as to personal property shall continue only for thirty days (unless a second execution be issued thereon) from the time

Chatten *v.* Gerber.

of said return, at which time it shall be released as to *bona fide* purchasers for value and as to the levies of writs on other judgments, and the levy shall, as between the parties, be deemed vacated ; and as to real property, after six months, the levy of such writ shall be discharged."

If the return day pass without the making of a levy, the lien of the execution, which commenced with the delivery of the writ to the officer, ceases to exist.

If property has been levied on, and it remains unsold, the statute provides for the continuance of the lien of the levy. The sheriff is not relieved from his duty to make return as provided by law. It is made his duty when he returns the execution, when any property levied on remains unsold, to return with the execution the appraisement, stating in his return the failure to sell, and the cause of the failure. The lien of the levy upon the property thus shown by the return to be unsold continues, but as to personal property it continues only for thirty days from the time of said return, unless the clerk, upon the direction of the plaintiff, shall have issued another execution as prescribed in section 741, above quoted.

It is contended on behalf of the appellant, that, although at the time of the sale in question more than thirty days had elapsed after the return day of the Plank execution, yet, as no return had actually been made, the lien of the levy of that execution continued at the time of the sale, and that thereby priority of lien was preserved as against the Straus execution, the return day of which had not arrived.

The second execution so provided for by section 741 can not be procured without an actual return of the first execution. It is upon the return of the first execution that the second is based.

At common law the writ of *venditioni exponas* issued when the return of a writ of *fieri facias* showed that the officer had levied on property and had it in his possession unsold. It was a writ to compel the officer to proceed with the sale.

After the return day the officer, without having made return, could proceed to sell the property levied on but not sold before the return day. And though an officer had returned a *fieri facias,* he could proceed to sell, without a *vendi,* the property levied on but not sold under the *fieri facias.*

Under our statute, where the officer has made return, the lien of the levy can not continue after thirty days from the time of the return, unless another execution has been issued.

The execution without a levy is *functus officio* after its return day. May the sheriff, for his protection, give the lien of a levy indefinite duration by neglecting his duty to make return as required by law? If the position assumed in behalf of the appellant be upheld, it would place the sheriff in as favorable a situation as if he had done his duty by making return, and the plaintiff in the Plank execution had caused another execution to issue.

In *Wheeler* v. *Haines,* 114 Ind. 108, it is said that the lien of the levy is purely a statutory lien, and that it exists only by force of the statute.

The statute having provided a mode by which the lien of the levy may be continued, that mode only will be sufficient.

Construing together the statutory provisions on the subject of executions, we are of the opinion that the lien of the levy of an execution on personal property can not continue for the protection of the officer, as against the levies of writs on other judgments, longer than thirty days after the return day of the execution, unless a second execution has been issued.

It was the duty of the appellant to apply the proceeds of the sale to the Straus execution.

The judgment is affirmed.

Filed Sept. 30, 1891.